## THE GREAT A. & P. TEA CO v HIGGINBOTHAM

Ohio Appeals, 4th Dist, Gallia Co

Decided Mar 7, 1931

Fitzpatrick, Brown & Davis, and R. M. Switzer, all of Gallipolis, for Tea Co.

Hollis C. Johnston and H. W. Cherrington, both of Gallipolis, for Higginbotham.

BLOSSER, J.

It is claimed by the plaintiff in error that the court in its charge assumed that the defendant's automobile actually struck Mrs. Higginbotham and that it appeared to the jury that the judge assumed the existence of that disputed fact. In reading the charge it is true that in certain parts of it the language of the court might indicate such assumption. The charge, however, must be considered and construed as a whole and not isolated parts considered separately. Taking the charge as a whole no such assumption is made. The court charged the jury that before the plaintiff would be entitled to recover damages of the defendant he must prove by a preponderance of the evidence each and every fact alleged in the petition, and also charged that if the jury found that Laura Higginbotham was not hit or knocked down by the automobile of the defendant the plaintiff was not entitled to recover. This language is clear and the meaning can not be misunderstood. It can not be assumed that the jury misunderstood the language used by the court.

It is evident that the jury believed that Mrs. Higginbotham was struck by the automobile, and it is urged that the evidence

does not support this contention. This raises a close question on the evidence presented. The driver of the automobile, Mr. Hart, denied that the automobile struck Mrs. Higginbotham. In this Mr. Hart was corroborated by Mr. Weeks and Mr. Dudley, who were riding in an automobile some distance back of Mr. Hart at the time of the accident. Both Mr. Dudley and Mr. Weeks testified that the defendant's automobile did not strike Mrs. Higginbotham as it passed her. However, the jury may have doubted if these witnesses were in a position to see clearly the relative positions of the defendant's automobile and Mrs. Higginbotham. The plaintiff offered two witnesses who were near the scene of the accident at the time it occurred. Mrs. Henry Reeves testified that when "I saw Mrs. Higginbotham her feet was just going over like something had hit her. When she hallooed I looked." She also testified that Mrs. Higgenbotham had a bruise on her right hip and that she saw Mrs. Higginbotham lying in the road with her feet in the air immediately after the automobile passed. Max Reeves, a young man fifteen years of age who had arranged to take Mrs. Higginbotham to Addison, had preceeded her in going from their residence across the yard onto and across the public highway to the garage on the south side of the road. He was in a position not far distant from the automobile and Mrs. Higginbotham at the time of the accident. When asked with reference to what transpired he stated that he could not say that the automobile hit her only by the way she was lying in the road. He testified that he saw her lying on her back with her feet in the air; that he did not see her fall to the road as the automobile was between him and Mrs. Higginbotham; that she was standing on her feet immediately before the automobile passed and that immediately after it passed she was lying in the road. The testimony of Mrs. Reeves and Max Reeves is persuasive that Mrs. Higginbotham was struck by the automobile, and in view of this testimony we are unable to say that the conclusion reached by the jury was wrong. The evidence is not clear and the question was one peculiarly for the determination of the jury. As a reviewing court we can not say that both the jury and the trial judge were wrong in their conclusions in this respect.

By reason of the accident Mrs. Higginbotham suffered a fracture of her left hip. It is urged that as Mrs. Higginbotham was attempting to cross the road from the north to the south side thereof, and as the automobile of the defendant was approaching her from her right, the automobile would have struck her right side. However, this is not conclusive. She may have attempted to look around or turn around at the exact moment of the contact and have been struck on the right side and knocked down and suffered the fracture by reason of her limb striking the hard surface of the road.

It is urged by the plaintiff in error that when Mrs. Higginbotham approached and started to cross the highway she did not look for approaching traffic or take any precaution for her own safety; that the evidence presented raises a presumption of negligence on the part of Mrs. Higginbotham directly contributing to her injury, and there was no evidence on the part of the plaintiff to counterbalance or dispel such presumption. It is claimed that the trial court erred in overruling a motion to direct a verdict in favor of the defendant. The record seems to clearly establish the negligence of the defendant in the operation of the automobile. The testimony of the plaintiff's witnesses was to the effect that Hart was operating the auomobile immediaely before the accident at a rate of speed from fifty to fifty five miles per hour. Mr. Hart in his testimony did not deny this rate of speed. The high speed is further indicated by the skidding of the car and the difficulty in stopping at the time of the accident. He had testified as to the position of the car and Mrs. Higginbotham immediately before and immediately after the accident. He then testified that he did not see Mrs. Higginbotham look up or down the road, and then said "I don't know whether she did or not." He also stated "I had told her there was a car coming as I came down over the hill." It is urged that the evidence of Max Reeves shows that Mrs. Higginbotham did not look to the right or left when she entered the highway. He testified that at the time of the accident he did not have his eyes upon Mrs. Higginbotham but was looking at the automobile. The jury probably inferred from this evidence that in all probability when Max Reeves told her that an automobile was approaching she looked to see if an automobile was coming. That would be the conduct of a normal person under such circumstances. It is presumed that she took ordinary precautions for her own safety. If she looked she probably thought that she had time to cross the highway before the approaching automobile would reach her. She had a right to assume that the automobile was approaching at a lawful rate of speed. Had it been so travelling she could have crossed the road without being struck by the defendant's automo-

bile. It is altogether probable that had the defendant's car been travelling at a lawful rate of speed Mrs. Higginbotham would not have been injured. A similar question was presented to this court in the case of **McKee v Liming, 31 Oh Ap 303,** where it was held:

"Pedestrian struck by automobile, which he saw approaching several hundred yards away immediately before starting across highway, held not contributory negligence as a matter of law in view of evidence that car was travelling at grossly excessive speed; he having right to assume that the driver was proceeding in lawful and prudent manner."

This court in that case followed the rule laid down by the Supreme Court in the case of **Trentman v Cox, 118 Oh St 247,** where it was held:

"In an action for personal injury alleged to have been caused by a pedestrian being struck by an automobile upon a public highway, when attempting to cross a viaduct at a point where the public usually crossed in order to board traction cars, the question whether the plaintiff, seeing an automobile approaching from 65 to 80 feet away at an unlawful rate of speed, and misjudged its speed and crossing without again looking toward the automobile, was guilty of contributory negligence, was properly submitted to the jury.

The failure of a pedestrian to anticipate negligence on the part of the driver of the automobile does not defeat an action for the injury sustained."

It is urged by the plaintiff in error that the cases of **Railroad Co. v Lee, Admr., 111 Oh St 391,** and **Butell v Railroad Co., 114 Oh St 40,** are decisive of this case. Both of these cases were railroad grade crossing cases in which the negligence of the plaintiff was so gross as to raise a presumption of negligence. But it will be noticed that in both of those cases the Supreme Court laid down the rule that where the question of the negligence of the defendant and the contributory negligence of the plaintiff is raised there must be given to every portion of the plaintiff's evidence the most favorable interpretation in favor of the absence of negligence on his part, and where the question of his negligence is doubtful it is a question of fact for the determination of a jury. In this case it can not be said as a matter of law that Mrs. Higginbotham was guilty of contributory negligence. The question was a close one on the evidence presented but different minds might reach different conclusions. The trial court properly overruled the motion to direct a verdict for the defendant and properly submitted that issue to the jury.

The plaintiff in error also claims that the court erred in the admission in evidence of tests made at the scene of the accident at a later date, and that the tests made were under different conditions than those existing on the day of the accident. An examination of the record, however, does not show that the conditions under which the tests were made were so far different as to render the evidence inadmissible. There were some slight differences but the differences in the circumstances and conditions under which the experiments were made could be considered by the jury as affecting the weight of the evidence rather than its competency. We think the evidence was properly admitted and it was for the jury to give it such weight as it deemed proper. **Smith v State, 2 Oh St 511, Schweinfurth v Railway Co., 60 Oh St 228.**

The plaintiff in error also claims that the court erred in the admission and rejection of other testimony. The record, however, does not disclose that any substantial or prejudicial error was committed in this respect.

Finding no prejudicial error in the record the judgment is affirmed.

MAUCK, PJ, and MIDDLETON, J, concur.