# STANLEY KITERAKIS

## *vs.*

# STATE OF MARYLAND.

*Criminal Law—Review on Appeal—Evidence—Harmless Error—Speed of Automobile.*

Exceptions, based on the overruling of objections to questions, cannot be considered on appeal, if the answers to the questions do not appear in the record.                    p. 82

On a prosecution for manslaughter by the negligent management of an automobile, error in the admission of a photograph of the *locus in quo,* in order to show the position of deceased when run down by defendant, *held* harmless, in view of the abundance of testimony as to the circumstances of the killing.
p. 83

When there is enough admissible and apparently credible testimony to prove a fact, and the objectionable testimony is only cumulative, the error will not ordinarily be a ground for reversal, in the absence of any contradictory testimony, unless it appears to have been prejudicial.                    p. 83

On a prosecution for killing a man by running him down with an automobile, that on a trial before a magistrate defendant admitted having been drunk at the time of the accident was admissible, and error in admitting the additional fact that the magistrate fined him for being drunk was not prejudicial.
p. 83

On a prosecution for killing a man by running him down with an automobile, a witness could properly testify as to the speed of the automobile at the time of the accident.          p. 84

*Decided June 27th, 1923.*

Appeal from the Criminal Court of Baltimore City (HEUISLER, J.).

Criminal proceeding against Stanley Kiterakis. From a judgment of conviction, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, ADKINS, and OFFUTT, JJ.

*R. E. Kanode* and *G. Tyler Smith,* for the appellant.

*Alexander Armstrong, Attorney General,* with whom were *Lindsay C. Spencer, Assistant Attorney General,* and *Robert F. Leach, Jr., State's Attorney for Baltimore City,* on the brief, for the State.

ADKINS, J., delivered the opinion of the Court.

Joseph Latvanas and Stanley Kiterakis were, on April 28th, 1922, jointly indicted for manslaughter for negligently running down and killing with an automobile, on Pennington Avenue in Baltimore City, one Joseph Domisiewicz. A severance was granted, and each elected to be tried by the court without a jury. Each was convicted and sentenced to serve two years in the Baltimore City jail.

Each appealed and the appeals were sent up in one record. The appeal of Latvanas was dismissed by the Court; so we are concerned only with the appeal of Kiterakis.

There are nine bills of exception. We are unable to consider the first, third, sixth, seventh and eighth exceptions, because they were all taken to the overruling by the lower court of objections to questions, the answers to which do not appear in the record, and consequently we cannot say whether or not they were prejudicial.

The second and ninth were to the admission of certain photographs taken and produced by Sergeant Harry J. Foreman of the Baltimore police department, and to the description of them and what they represented by the witness Ida Fialkoski. The photographs are not produced before us, but it appears that they represented the *locus in quo,* and that they purported to represent the position of the deceased at the

time of the accident. While the method of making the objections and taking the exceptions are in some respects irregular, it is reasonably apparent that the objections applied to the whole of this testimony. We think the photographs should have been excluded, and also the testimony of Ida Fialkoski in regard to them. But the admission of this testimony was not prejudicial error. The gravamen of the offense charged was the criminally negligent killing of the deceased; and there was abundant testimony, admitted without objection, and uncontradicted, so far as the record indicates, to prove this, whether the deceased at the time he was killed was in the position shown by the photograph or not. It was shown by other testimony, and not controverted, that he was in the gravel walk, and that he was run down without warning by the defendant, who, while drunk, was driving the automobile at a reckless speed; and that the street at that point was well lighted.

When there is enough admissible and apparently credible testimony to prove a fact, and the objectionable testimony is only cumulative, the error will not ordinarily be a ground for reversal, in the absence of any contradictory testimony, unless it appears to have been prejudicial.

The fourth exception was to the refusal of the court to strike out the answer of Sergeant Pomiske, which was not responsive to the question asked, viz: "Question. Where were these men in relation to the wrecked machine? Ans. They were all out of the machine, and the next morning they were tried before Magistrate McAllister on a charge of being drunk and they admitted it and they were fined five dollars and costs."

The motion was to strike out the testimony relative to the trial before the magistrate. The important part of that testimony was the admission of the defendant that he was drunk. If he admitted that, it makes no difference whether it was at a trial before the magistrate or elsewhere, and with that admission, the additional fact that he was fined, while not admissible, was not prejudicial. Besides there was abund-

ance of admissible testimony as to his drunken condition and, apparently, no conflicting testimony as to this.

The fifth exception was to the refusal of the court to strike out an irresponsive answer of the witness George B. Haegerich, in which he testified that as he stepped out of the moving picture parlor into the street he heard "an awful noise like the rumbling of machinery and I saw a machine that did not have any lights and the curtains down and passed by at the rate of about thirty-five or forty miles an hour wabbling down the street like the machine was broken," etc.

The motion was to strike out the testimony of the witness relative to the speed of the automobile.

In *United Rwys. Co.* v. *Ward*, 113 Md. 649, exception was taken to the rulings of the trial court in permitting the plaintiff to state the speed at which the car by which he was injured was going. On appeal this Court said: "We see no objection to this evidence. It is the uniform practice to allow those who witness an accident of the character of the one we are considering to testify to the speed of the train or car."

The case of *Dashiell* v. *Jacoby*, 142 Md. 330, cited by appellant, is not in point, and in no way conflicts with *United Rwys. Co.* v. *Ward, supra.*

Finding no reversible error in any of the rulings of the court below, the judgment will be affirmed.

*Judgment affirmed.*