STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ALBERT SIEGLER, DEFENDANT-APPELLANT.

Argued May 18, 1953—Decided June 15, 1953.

Mr. *Herman L. Fast* argued the cause for appellant (*Messrs. Fast & Fast*, attorneys).

Mr. *Joseph A. Hayden* argued the cause for the State (*Mr. Edward Gaulkin*, Essex County Prosecutor, attorney).

The opinion of the court was delivered by

WACHENFELD, J. The appellant was indicted and convicted for false swearing under *R. S.* 2:157–4. The judgment was unanimously affirmed in the Appellate Division and we granted certification on a petition.

Albert Siegler intended to sell a certain piece of property in Linden, New Jersey. For that purpose he entered into a written contract on August 24, 1950 with Mr. and Mrs. Dunay, agreeing to convey the property in question free of all encumbrances for the sum of $14,000, to be paid upon various stages of construction of the house to be erected thereon. The purchasers paid on account $10,000 and through the appellant made an application for a $4,000 mortgage loan to the First Federal Savings & Loan Association of Montclair.

Subsequently, on January 26, 1951, Siegler executed and delivered to the same title company a bond secured by a

mortgage for $9,000 on the premises in question. At the request of the mortgagee, Siegler executed at the closing an affidavit of title which contained no reference to the contract made with the Dunays, although it was then an outstanding contractual obligation.

The State on its case proved the appellant signed an affidavit of title in the presence of the title closing attorney, who subscribed his name as the officer taking the oath, which contained, amongst other things, the following:

"Albert Siegler, being duly sworn, says * * * and that no person has any contract for the purchase of, or claim to or against, said premises, except as hereinafter stated; and that the same are now free and clear of all taxes, encumbrances or liens by mortgage, decree, judgment, or by statute, or by virtue of any proceeding in any Court, or filed in the office of the clerk of any County or Court in this state, and of all other liens of every nature or description, EXCEPTING—"

After the word "excepting" a large space appears in which nothing was written.

The closing paragraph recites:

"Deponent makes this affidavit to induce First Fed. Sav. & Loan Asso. of Mtc to accept a mortgage of said premises, and pay the consideration therefor, knowing that it relies upon the truth of the statements herein contained."

The pertinent sections of the statute under which the defendant was indicted, *R. S.* 2:157–4, read:

"Any person, his procurers, aiders and abbettors, who shall willfully swear falsely in any judicial proceeding, or who shall willfully swear falsely before any person authorized by virtue of any provision of law of this state to administer an oath and acting within his authority, shall be guilty of false swearing."

Section 8:

"An affirmation shall be for all the purposes of this article the same as an oath. Willful shall, for the purposes of this article, be understood to mean intentional and knowing the same to be false."

██ As claimed by the appellant, the State must prove the statutory requirements and carry the burden of proof beyond a reasonable doubt.

The trial court so charged:

"Our Revised Statutes 2:157–8 provides, in part, that willful shall, for the purpose of this article, be understood to mean intentional and knowing the same to be false. The mere fact that statements made under oath are untrue, if that be the fact, is not enough in itself to convict the defendant of false swearing.

It is, of course, incumbent · upon the State to satisfy you, the Jury, by proofs beyond a reasonable doubt that the defendant's statement was both false and willful."

The appellant strenuously urges there are no facts or circumstances proving willfulness.

██ The State's proof need not necessarily be by direct evidence; it may be by such circumstances and conduct of the defendant as would entitle the jury to infer the defendant willfully swore falsely.

"When specific intent is an essential element of the crime charged, the burden is on the State to prove such intent. This burden may be met by direct proof or by circumstantial evidence. *Underhill, Criminal Evidence*, § 54 (4th ed. 1935); 22 *C. J. S., Criminal Law*, § 568; 14 *Am. Jur., Criminal Law*, § 24, n. 19. There must be proof, at least, of some circumstance or circumstances, in addition to the proof of the possession of the tool itself, from which the jury could draw a legitimate inference of the required intent." *State v. Walsh*, 9 *N. J. Super.* 43, 46 (*App. Div.* 1950).

To a like effect is this court's pronouncement in *State v. Costa*, 11 *N. J.* 239, 246–7 (1953):

"Proof of the statutory offense, however, must reach beyond, to his intent, and support the inference that the defendant intended that persons should resort to the place for the purpose of gambling. *State, v. Ackerman*, 62 *N. J. L.* 456 (*Sup. Ct.* 1898); *State v. Griffin*, 85 *N. J. L.* 613 (*E. & A.* 1914); *State v. Terry*, 91 *N. J. L.* 539 (*E. & A.* 1918), reversing 89 *N. J. L.* 522 (*Sup. Ct.* 1916); *State v. Clark, supra.* But 'Intent as a separate proposition for proof does not commonly exist.' *Wigmore, supra, sec.* 242, *p.* 39. It must ordinarily be discovered, as other mental states are, in the evidence of defendant's conduct in the surrounding circumstances,

and upon the instant indictment 'might or might not be inferred from his knowledge and permission.' *State v. Ackerman, supra, p. 459.*"

As to the proof in the case *sub judice,* the appellant admits signing the affidavit of title, and the closing attorney testified, after taking the oath he subscribed his name beneath. the jurat. There was no objection to the affidavit being received in evidence.

As to the suggestion Siegler did not read it, a signature to a sworn document imputes to the affiant knowledge of its contents even though it may not have been read by or to him. *State v. McBarron,* 66 *N. J. L.* 680 (*E. & A.* 1901); *State v. Bartell,* 15 *N. J. Super.* 450 (*App. Div.* 1951).

Significance, too, can be attached to the fact that Siegler for 30 years had been in the building business. Although there is no specific proof in the record that he had closed many title and mortgage transactions, there is nevertheless sufficient to infer he was fairly cognizant with the legal machinery involved and the general purport and effect of the legal documents employed, including an affidavit of title.

Our statutory crime of false swearing is to be distinguished from the crime of perjury. There are distinctions between them in certain respects. The statutory offense was designed to free the prosecution from certain technicalities of proof and to overcome the difficulties of obtaining a conviction for acts within its purview as well as to include certain commissions of falsehood under oath not within the classification of perjury. *State v. Kowalczyk,* 3 *N. J.* 51 (1949).

It is also said the appellant was unduly restricted in the cross-examination of the witness Macknet. Three excluded questions are cited, relating to what the witness would have done in a factual situation contrary to the one in issue. They were objected to as improper under these circumstances, and we are in accord with the ruling made.

The affidavit, it is urged, could not form the basis of a conviction under the statute because it was incomplete and it was improper to infer from the blank that there were no exceptions.

We think it was incumbent upon the affiant to insert in the space referred to "any facts by reason of which said possession or title might be disturbed or questioned." Absence of notation in such a blank space was intended as an affirmative representation that no exceptions existed within the affiant's knowledge. This was the interpretation made by the court below, with which we agree.

It is suggested before the defendant could be convicted there must be proof he was sworn. The record contains such proof both from a witness and from the document in question.

Macknet's qualification to administer the oath was conceded, and he testified the appellant signed the affidavit in his presence. The witness said that "after taking the signature and oath," he subscribed his name as the officer taking the oath. The facts were assumed and contained in the question, but the answer was an unequivocal confirmation of the incorporated facts.

The defendant never denied he was sworn and at least inferentially admitted it on his own case when he was asked: "Q. Did you intend to swear falsely?" and answered in the negative. The affidavit signed by the defendant recites in its introduction: "Albert Siegler, being duly sworn," and the jurat closing the instrument specifically says: "Sworn to before me."

No issue seems to have been made of this point except on appeal, as the record shows it was not included in the reasons submitted for a judgment of dismissal.

Lastly, it is contended the cross-examination of the defendant exceeded legitimate bounds. Even if it covered matters previously introduced, "it is with the method that the defendant complains."

We grant it was prolonged and repetitious; yet considerable latitude is customarily allowed in the cross-exami-

nation of a witness, and the extent of it rests in the sound discretion of the trial court. *State v. Todaro,* 131 *N. J. L.* 59 (*Sup. Ct.* 1943), affirmed 131 *N. J. L.* 430 (*E. & A.* 1944), appeal dismissed 323 *U. S.* 67, 89 *L. Ed.* 542 (1944).

We discern no error so prejudicial as to constitute an abuse of the trial court's discretionary power to determine the scope of the cross examination.

The judgment is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—6.

*For reversal*—Justice HEHER—1.