No. 17,256.

CRUMP *v.* THE PEOPLE.
(266 P. [2d] 1100)

Decided February 8, 1954.

Messrs. SEAVY & SEAVY, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK A. WACHOB, Deputy, Mr. NORMAN H. COMSTOCK, Assistant, for the people.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

PLAINTIFF in error, to whom we hereinafter refer as defendant, in an information filed in the district court of Pueblo county was charged with the crime of assault with intent to commit rape. He pleaded not guilty and, after trial and conviction, was sentenced to a term of not less than eighteen months nor more than two years in the state penitentiary. Seeking reversal of that judgment he brings the case here by writ of error.

Defendant testified upon the trial and attempted to establish an alibi as a defense. As grounds for reversal it is here contended by counsel for defendant that the

evidence is insufficient to sustain the verdict, in that, "There is not à scintilla of evidence or testimony showing any resistance, or attempt to resist," on the part of the victim of the assault. It also is claimed that there was misconduct on the part of the District Attorney, to the prejudice of defendant, in his arguments to the jury.

The Attorney General, on behalf of the People, argued that the crime of assault to commit rape is complete if at any moment during the assault defendant intended to have carnal knowledge of the complaining witness and to use for that purpose whatever force might be necessary to overcome any resistance the victim of the assault might offer. It further is argued that if evidence of resistance is a necessary element of the crime, the record in the instant case establishes such resistance.

Very briefly, the pertinent facts established upon the trial are, that the prosecuting witness, a married woman with three children, was on her way home from work on the evening in question. After leaving a bus she walked about two blocks toward her home; she heard footsteps behind her; decided to cross the street and did so, and noticed a man right opposite her on the other side of the street who was walking across toward her. She testified in part, "and as I looked up he didn't give me a chance to run, he just tore right into me. * * * He ran right in front of me and right into me knocking me to the road; * * * he threw one arm around me, and the other he put against my mouth." She further testified that while she was on the ground, the man said, "Be quiet," and, "With one of his hands he was getting under me where my underclothes are. * * * he succeeded in tearing some of my clothes but he didn't tear them off." There is ample evidence to establish that defendant intended to perform by force an act of sexual intercourse. The attack was abandoned because of the approach of an automobile, the lights of which were shining on the man and woman on the ground. The man ran, occupants of the car followed him, and he was arrested at his home

within a few minutes after the assault. He was identified by the prosecuting witness as the man who. assaulted her. The Police Captain testified that; at headquarters the woman related the story of the assault in the presence of defendant, at the conclusion of which the Captain asked defendant whether the statement was true, and the latter replied, "I guess it is." He made no other statement, but during the interview "he was just sitting there looking down."

Questions to be Determined.

First: *Was there competent evidence introduced upon the trial tending to prove that defendant assaulted the prosecuting witness intending to have sexual intercourse with her by force and against her will, and intending to overcome any resistance by such force as might be necessary to carry out his purpose?*

This question is answered in the affirmative. The controlling statute, section 67, chapter 48, '35 C.S.A., provides in part: "An assault with intent to commit * * * rape * * * shall subject the offender to confinement in the penitentiary for a term of not less than one year nor more than fourteen years * * *." An assault is defined by statute, section 66, chapter 48, '35 C.S.A., as follows: "An assault is an unlawful attempt coupled with a present ability to commit a violet injury on the person of another." Rape, the crime that defendant must have had the specific intention to commit at the time of the assault, is defined in material part, section 58, chapter 48, '35 C.S.A., as follows: "Rape is an act of sexual intercourse, accomplished with, by or between a male and a female person, or male and female persons, where such female person is not the wife of the principal perpetrator * * * under any of the following circumstances:

\* \* \*

3. By the male person of whatever age where the female person, whatever her age, resists, but her resistance is overcome by force or violence; * * *.

4. By the male person of whatever age, where the

female person, whatever her age, is prevented from resistance by threats of immediate and great bodily harm, accompanied by apparent power of execution * * *."

■ ■ The elements of assault and specific intent on the part of the assaulter must coexist in order to constitute the crime. *Shreeves v. People,* 126 Colo. 413, 249 P. (2d) 1020. In *Harlan v. People,* 32 Colo. 397, 76 Pac. 792, our court held in substance that to constitute the crime of assault with intent to commit rape the defendant making the assault must intend to overcome the resistance of the woman by such force as may be necessary to accomplish his purpose, and, if there is sufficient evidence of force from which the jury can reasonably find that the defendant intended to overcome the resistance of the woman by the necessary force, it will sustain a verdict of guilty. In that case our court said: "All that is necessary to sustain a verdict is that there should be sufficient evidence of force from which the jury can justly find that the defendant intended to overcome the resistance of the woman by the necessary force."

■ If defendant made the assault with the specific intent to overcome resistance with force, it is unnecessary, in a prosecution of this kind, to establish that the prosecuting witness in fact resisted, or that she failed to resist because of threats of bodily harm. There was ample evidence warranting the conclusion of the jury that defendant intended to overcome resistance by force.

Second: *Must the judgment be vacated and a new trial ordered because of alleged misconduct of the District Attorney in his closing argument to the jury?*

This question is answered in the negative. The arresting officer was not permitted to testify in the case for the reason that his correct name was not endorsed upon the information, and the objection made by counsel for defendant to his testifying was sustained.

■ ■ In his closing argument the District Attorney said, "The arresting officer could have testified, but Mr. Seavy did not let him testify. He would have told you

just where the attack took place." No objection was made to the statement at the time it was made. There was no dispute whatever concerning the place where the attack occurred, and defendant could not possibly have been prejudiced by the remark of the prosecuting attorney. We are not aware of any case in which our court has held a comment of this kind to be ground for the setting aside of a judgment of conviction, and ordering a new trial. Cases involving alleged misconduct of district attorneys are collected in *O'Loughlin v. People,* 90 Colo. 368, 10 P. (2d) 543, and none of them support the contention of defendant's counsel in the present case that the remark of the prosecutor entitles defendant to a new trial. The guilt of defendant was established by an abundance of competent evidence. The ultimate question was not, "Where did the offense take place"? but was, "Who committed it"? The fact that the District Attorney said that a person who did not testify could have told where the incident occurred, could not possibly have influenced the jury to the prejudice of defendant.

The judgment is affirmed.

MR. JUSTICE HOLLAND not participating.