STREIT, APPELLANT, *v.* KESTEL, APPELLEE.*

(No. 8466—Decided March 2, 1959.)

*Messrs. Bloom & Tyler,* for appellant.
*Mr. Edward J. Utz,* for appellee.

HUNSICKER, P. J. This is an appeal on questions of law from a judgment for the appellee, Martin A. Kestel, rendered on the verdict of a jury.

Mrs. Emilie Streit, the appellant, filed an action in the Common Pleas Court of Hamilton County, Ohio, for damages which she alleged she suffered as a proximate result of the negligence of Mr. Kestel.

Mrs. Streit was a passenger in an automobile which was being driven west on Spring Grove Avenue in the city of Cincinnati, Ohio. Station Avenue forms a "T" intersection with, and runs north from, Spring Grove Avenue. It was at this intersection that the accident occurred.

Mrs. Streit was riding with her daughter, Mrs. Jansen, in a 1951 Mercury automobile owned by Mrs. Jansen. The daughter said she was driving in the lane nearest the curb on Spring Grove Avenue, until she came near the intersection of Station Avenue; and, in order to make a right turn onto Station Avenue, she turned to the left, with her front wheels partly in the middle lane. Mrs. Jansen then made a wide turn right to avoid, as she claimed, a depression made by a storm sewer drain and a car parked on Station Avenue near the intersection.

*Motion to certify the record overruled, June 10, 1959.

As she made this wide turn, Mr. Kestel, who was behind Mrs. Jansen, in the lane nearest the curb, struck the Jansen automobile at a point almost in the center, thereby causing injuries to Mrs. Streit.

Mrs. Jansen said she gave a signal to turn right and had her indicator light turned on to show that she intended to make a right turn. She also said that a turn from the curb lane into Station Avenue from Spring Grove Avenue could not be made because of the storm sewer depression and the parked automobile.

Mr. Kestel said he was moving along Spring Grove Avenue (a heavily-traveled street at the time of collision), about four car lengths behind Mrs. Jansen, when she turned her automobile into the middle or second lane of travel. He further stated that, as the front of his automobile came into line with the rear bumper of the Jansen automobile, Mrs. Jansen suddenly turned to the right toward Station Avenue, and directly into his lane of travel. At the time the cars collided, he was going between twenty and thirty miles an hour.

At the time of the trial, counsel for Mr. Kestel introduced in evidence, over objection of counsel for Mrs. Streit, a motion picture of the intersection of Spring Grove Avenue and Station Avenue, showing a 1951 Mercury automobile making a turn from the curb lane of Spring Grove Avenue into Station Avenue. This automobile was the same type and style of car driven by Mrs. Jansen on the day of the collision. These motion pictures showed the driver of that car making several turns into Station Avenue from the curb lane of Spring Grove Avenue. The pictures were taken from several angles of the approach to Station Avenue on a Sunday morning prior to the trial, when traffic on Spring Grove Avenue was not very heavy, and with other posed features similar to what counsel for Mr. Kestel expected the evidence to show.

The trial resulted in a verdict for, and a judgment thereafter entered for, Mr. Kestel. An appeal to this court was then perfected by counsel for Mrs. Streit, who assigns as prejudicial error the introduction and admission in evidence, by the trial court, of the motion picture offered by Mr. Kestel.

It has long been the rule in Ohio that posed photographs are admissible in evidence where they have been properly identified as being fair and accurate representations of conditions as seen by the witness. *Cincinnati, H. & D. Ry. Co. v. De Onzo,* 87 Ohio St., 109, 100 N. E., 320; *Bailey v. Greeley General Warehouse Co.,* 52 Ohio Law Abs., 469, 83 N. E. (2d), 244.

In the instant case, we have photographic evidence of experiments (turning from a curb lane into an intersecting street) made out of court, which experiments are introduced for the purpose of impeaching the testimony of a witness.

Our problem, then, resolves itself into a question whether motion pictures of experiments may be introduced into evidence for the purpose of demonstrating visually the fallacy of testimony that this automobile could not make a turn into Station Avenue, from the curb lane of Spring Grove Avenue, without turning into the middle lane.

Testimony relating to experiments made out of the presence of the jury have been admitted in evidence for many years. These experiments must be made under conditions of substantial similarity to the occurrence in issue. *Smith v. State,* 2 Ohio St., 511; *St. Paul Fire & Marine Ins. Co. v. Baltimore & Ohio Rd. Co.,* 129 Ohio St., 401, 195 N. E., 861.

The first and second paragraphs of the syllabus in the *St. Paul Fire & Marine Ins. Co. v. Baltimore & Ohio Rd. Co., case, supra,* say:

"1. Evidence of experiments performed out of court, tending to prove or disprove a contention in issue, is admissible if there is a substantial similarity between conditions existing when the experiments are made and those existing at the time of the occurrence in dispute; dissimilarities, when not so marked as to confuse and mislead the jury, go to the weight rather than the admissibility of the evidence.

"2. The admission or rejection of evidence as to such experiments is a matter peculiarly within the discretion of the trial judge, and when such discretion has not been palpably abused reviewing courts will not interfere."

Experiments made in the presence of the jury, and out of the court room, have been accepted where there has been an

agreement between the parties to permit one of the parties to conduct such an experiment. *Schweinfurth, Admr.,* v. *C., C., C. & St. L. Ry. Co.,* 60 Ohio St., 215, 54 N. E., 89.

It has also been determined that evidence of tests made at the scene of an accident at a later date, which tests were made under substantially similar conditions, is admissible. *Great A. & P. Tea Co.* v. *Higginbotham,* 9 Ohio Law Abs., 721, at p. 723.

It is necessary that such tests, made at a time after the original occurrence, be performed under conditions substantially the same as they were at the time of the accident. *Bickley* v. *Sears, Roebuck & Co.,* 62 Ohio App., 180, 23 N. E. (2d), 505.

We have found two reported Ohio cases where motion pictures have been admitted in evidence. One, *North American Aviation, Inc.,* v. *United Automobile, Aircraft & Agricultural Implement Workers of America,* 69 Ohio Law Abs., 242, 124 N. E. (2d), 822, involved an injunction arising out of a labor dispute; the other case, *DeTunno, a Minor,* v. *Shull,* 75 Ohio Law Abs., 602, 144 N. E. (2d), 669. This latter case concerned the introduction into evidence of motion pictures of the minor child, who claimed he was injured as a result of the acts of the defendant, Shull. These motion pictures were taken three years after the injury, showing the minor engaged in changing a wheel on an automobile. This latter case was reversed on other grounds by the Supreme Court of Ohio in *DeTunno, a Minor,* v. *Shull,* 166 Ohio St., 365, 143 N. E. (2d), 301.

The reviewing court, in both of these Ohio cases, determined that ''Motion pictures are admissible in evidence, within appropriate discretion of the trial court, where their relevancy, authenticity and accuracy of portrayal are established by the laying of an adequate foundation.'' *DeTunno, a Minor,* v. *Shull,* 75 Ohio Law Abs., 602, at p. 606, 144 N. E. (2d), 669.

An examination of authorities in other jurisdictions establishes the fact that motion pictures, where the groundwork has been properly laid, may be admissible in evidence for the purpose of establishing facts relevant to the matters in dispute. *DeBattiste* v. *Anthony Laudadio & Son,* 167 Pa. Super., 38, 74 A. (2d), 784; *Crawford* v. *Maryland Casualty Co.* (La. App.), 39 So. (2d), 102; *Richardson* v. *Missouri-K.-T. Rd. Co.* (Tex.

Civ. App.), 205 S. W. (2d), 819; *Larnel Builders, Inc.*, v. *Martin* (Fla.), 105 So. (2d), 580.

In the case of *Millers' National Ins. Co.* v. *Wichita Flour Mills Co.*, 257 F. (2d), 93, the court approved the admission into evidence of motion pictures of experiments made to establish the principles recognized and applied by an expert witness in reaching his opinions. This same reviewing court, in an earlier case, *Navajo Freight Lines, Inc.*, v. *Mahaffy*, 174 F. (2d), 305, held that a trial court did not abuse its discretion in rejecting experiment evidence relating to the coasting of a car from a filling station to a highway. It was stated in this latter case that a similarity of conditions was not shown, and that the proffered evidence was immaterial.

Annotations on the subject of the case of motion pictures as evidence may be found in 83 A. L. R., 1315; 129 A. L. R., 361; and 62 A. L. R. (2d), 686. See also: 20 Am. Jur., Evidence, Section 738, and authorities there cited.

Moving pictures are in reality a series of still pictures produced to show the persons and objects in motion. There seems to be no good reason why properly-authenticated motion pictures, taken under substantially similar conditions, should not be admitted in evidence to explain facts related by witnesses who give oral testimony concerning such facts.

In the instant case, the photographer and the operator of the automobile used in the experiment were called as witnesses, and they both were examined at great length as to their qualifications, the conditions of operation of both camera and automobile, and surrounding facts relevant to the matters testified to by other witnesses. The condition of traffic on Spring Grove Avenue was not heavy on the Sunday morning when the pictures were taken, but otherwise the posed conditions were substantially like those existing when Mrs. Jansen said, in effect, that it was necessary to make a wide swing in order to turn into Station Avenue.

We do not believe that the introduction of the motion pictures in the matter before us, under the facts developed in this case, was in any manner prejudicial to the substantial rights of the appellant, Mrs. Streit.

The general rule, and one which we believe conforms to the best tradition in Ohio, is that, motion pictures of experiments made out of the presence of the jury are admissible in evidence, within the sound discretion of the court, where such pictures are relevant to the issues, and are an accurate reproduction of persons and objects testified to in oral examination before the jury; and where the conditions under which such pictures were taken conformed substantially to the facts related in open court.

We find in this case no error prejudicial to the substantial rights of the appellant.

The judgment will therefore be affirmed.

*Judgment affirmed.*

Doyle and Collier, JJ., concur.

Hunsicker, P. J., and Doyle, J., of the Ninth Appellate District, and Collier, J., of the Fourth Appellate District, sitting by designation in the First Appellate District.