438 P.2d 275

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**James C. OLDHAM and Ivan Leeper, Jr., Defendants-Appellants.**

**No. 9970.**

Supreme Court of Idaho.

March 4, 1968.

126

Derr, Derr & Walters, Boise, for appellants.

Allan G. Shepard, Atty. Gen., and Robert P. Tunnicliff, Asst. Atty. Gen., Boise, for respondent.

SPEAR, Justice.

Appellants were jointly charged with having burglariously entered the Seven Mile Inn, near Boise, Idaho, on December 5, 1965, and robbing and kidnapping three individuals. After jury trial held in August, 1966, appellants were found guilty and convicted of one count of burglary, three counts of robbery and three counts of kidnapping. They were each sentenced September 6, 1966, to imprisonment in the Idaho State Penitentiary for ten years upon each count, for a total of seventy years. The sentences for burglary and kidnapping were subsequently suspended by the court on the condition that appellants serve the three sentences imposed for the robbery conviction. From the judgment of conviction and the order of the trial court denying appellants' motion for new trial, appellants have appealed.

Appellants have raised sixteen assignments of error, all of which concern procedural and evidentiary matters which occurred subsequent to their arrest. We consider herein the specifications of error in the order charged by appellants.

Appellants argue that the court erred in denying their motion for discovery and inspection of certain evidence. They refer particularly to all written statements, admissions, or confessions made by either appellant and certain witnesses, all items of clothing belonging to appellants, one metal suitcase, one 22-caliber automatic pistol, a jacket and watch and cash taken from one victim, an automobile, certain photographs relating to the crime, and all items of cash and personal property taken from appellants by the prosecuting attorney. Their contention, based primarily on I.C. R19–1530, is that discovery should have been allowed because it aids appellants in preparation of their defense.

The trial court, in fact, refused discovery only of the statements and admissions of certain witnesses, the pistol, and the jacket and watch and $125.00.

I.C. R19–1530 states, in pertinent part:

"Upon motion of a defendant at any time after the filing of the indictment or information, the court may order the attorney for the state to permit the defendant to inspect and copy or photograph designated books, papers, documents, or tangible objects, obtained from

or belonging to the defendant or obtained from others by seizure or by process, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable * * *."

It is significant that our statute does not refer specifically to statements by participants involved in the same crime as appellants. Further, I.C. R19–1530 gives the trial court broad discretion in granting or refusing discovery and inspection of books, papers, documents, or tangible objects. In the case at bar, appellants failed to allege any substantial prejudice resulting from the failure of the trial court to grant discovery of any of the items requested. It is generally held by courts that have ruled thereon that the grant or denial of criminal pretrial discovery and inspection is within the discretion of the trial court and will not be disturbed unless there is a manifest abuse of discretion. State v. Mesaros, 62 Wash.2d 579 384 P.2d 372 (1963); State v. St. Peter, 63 Wash.2d 495, 387 P.2d 937 (1963); see also Mendelsohn v. People, 143 Colo. 397, 353 P.2d 587 (1960); Pinana v. State, 76 Nev. 274, 352 P.2d 824 (1960); State v. Colvin, 81 Ariz. 388, 307 P.2d 98 (1957); State ex rel. Mahoney v. Superior Ct., 78 Ariz. 74, 275 P.2d 887 (1954); State v. Leland, 190 Or. 598, 227 P.2d 785 (1951), affirmed 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302. Thus it was not error for the trial court to refuse discovery and inspection of the items designated by appellants, for no abuse of discretion was shown.

Appellants interposed a demurrer to the information on file against them, on the ground that the information did not conform with I.C. § 19–1703(2), which provides that the information must conform to the provisions of I.C. §§ 19–1409(2) and 19–1411(2) (3). The essence of the latter two code sections is that an indictment must contain a statement of the acts constituting the offense in ordinary and concise language, in a manner such as to enable a person of common understanding to

know what is intended, and that it must be direct and certain regarding the offense charged and the particular circumstances of the offense, when such are necessary to constitute a complete offense. Appellants object specifically to an alleged lack of precision in the information charging first degree burglary and the illegal acts committed, and to a failure to describe directly and certainly the property taken. They also contend that the Seven Mile Inn is not within the ambit of the buildings or edifices covered by I.C. § 18–1401.

Although I.C. § 18–1401 does not refer specifically to "inns" in listing the structures in which burglary may be committed, its reference to "or other building" is sufficiently broad to encompass the Seven Mile Inn. In State v. Marks, 45 Idaho 92, 260 P. 697 (1927), this court construed the word "building" to include an outhouse which was a small structure built against a larger building and used for housing a pump and gasoline. It consisted of three sides of shiplap, with a sloping roof, and the main building formed the fourth side. The court held that:

"The structure was walled in and had a roof and a door. It was erected and used for the purpose of protecting property placed therein. While small, it was more than a wooden box—it was a building, used in connection with a larger building, and subject to burglary." (at p. 96, 260 P. at p. 698)

Certainly, the Seven Mile Inn is more of a "building" within the meaning of that word as used in § 18–1401 than the outhouse in the *Marks* case, supra. Colorado has adopted the rule that all stationary structures, no matter of what substance they may be constructed, are within the term building, so long as they are designed for use in the position in which they are fixed. A telephone booth, when set apart from any other structure, was held to be within the purview of the Colorado burglary statute citing some California cases that had reached the same conclusion. Sanchez v. State of Colorado, 142

Colo. 58, 349 P.2d 561, 78 A.L.R.2d 775 (1960). That court further held:

"Rather than limiting the definition of a building to a structure with walls and a roof, which would include the telephone booth in question, we believe it was the legislative intent that a building is 'a structure which has a capacity to contain, and is designed for the habitation of man or animals, or the sheltering of property,' see People v. Miller, supra (95 Cal.App.2d 631, 213 P.2d 534, 536)." (at p. 562)

This is a proper definition of the legislative intent when I.C. § 18–1401 was adopted also. There is no merit, therefore, to appellants' contention that the Seven Mile Inn is not a "building" within the scope of our burglary statute.

■ We find that the information in Counts II, III, and IV sufficiently described the property taken, see State v. Derrington, 137 S.W.2d 468 (Mo.1940), and that the other objections contained in appellants' second assignment of error concerning the sufficiency of the information are without merit.

Appellants maintain that the court erred in failing to grant them separate trials upon the charges brought against them. They reason that Leeper was prejudiced by the joint trial because the 22-caliber automatic was admitted in evidence as to appellant Oldham but excluded as to Leeper. According to appellants' theory, were separate trials to have been granted, the charge of robbery might have been defeated as against Leeper because its instrumentality, the pistol, had been excluded as to him.

■ The granting of separate trials is discretionary with the court. I.C. § 19–2106; State v. Robinson, 71 Idaho 290, 292, 230 P.2d 693, 695 (1951); State v. Fox, 52 Idaho 474, 16 P.2d 663 (1932); State v. Smith, 30 Idaho 337, 343, 164 P. 519 (1917); and in the absence of showing an abuse of such discretion it will not be disturbed on appeal.

■ ■ The distinction between an accessory before the fact and a principal, and

between principals in the first and second degree, in felony cases, has been abrogated in Idaho. I.C. § 19–1430. See State v. Owen, 73 Idaho 394, 253 P.2d 203 (1953); State v. So, 71 Idaho 324, 231 P.2d 734 (1951). The evidence from the transcript indicates that both participants were acting in concert during the entire course of the robbery. Therefore, under the circumstances the exclusion of the pistol as to appellant Leeper would make little difference as to the charge of robbery brought jointly against appellants especially when appellants acted in concert.

■ Appellants claim that the trial court should have granted their motion for a new preliminary hearing. They base their contention on the proposition that a conflict of interest arose between the appellants and their attorney, because one of the original defendants had pleaded guilty, or intended to plead guilty, and the other two did not so plead although the same attorney represented all three. Generally, there should be no conflict of interests between defendants whom counsel represent. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); State ex rel. Favors v. Tucker, 143 W.Va. 130, 100 S.E.2d 411 (1957).

■ ■ The appointment by the trial court of the same attorney to represent two defendants indicted for the same crime is not in itself improper unless the facts show that the interests of the two defendants are in conflict. The fact that one of several defendants for whom a single counsel was appointed pleads guilty does not conclusively show such a conflict in the interests of the parties as to cause the trial court to lose jurisdiction and render void a conviction of the other defendants so represented under the constitutional provisions respecting appointment of counsel. State ex rel. Favors v. Tucker, supra. See also Mueller v. State, 32 Wis.2d 70, 145 N.W.2d 84 (1966). We deny appellants' fourth assignment of error.

■ Appellants maintain that the court erred in failing to grant their mo-

tion to make more definite and certain the hour at which the alleged burglary was committed, and the applicable subdivision of I.C. § 18–4501 under which appellants were to be prosecuted. Appellants state that they were handicapped in preparing a defense and obtaining necessary alibi witnesses by their lack of knowledge of the precise information being brought against them.

I.C. § 19–1414 states:

"The precise time at which the offense was committed need not be stated in the indictment; but it may be alleged to have been committed at any time before the finding thereof, except where the time is a material ingredient in the offense."

Clearly, it would be easier for appellants if the state alleged the specific date and hour it expects to prove, based upon the information at hand before the complaint was filed; but the law does not require the precise time to be given. People v. Plywood Mfg's of California, 137 Cal.App.2d Supp. 859, 291 P.2d 587 (1955). This court held in State v. Eubanks, 77 Idaho 439, 294 P.2d 273 (1956):

"In many cases the prosecutor may be unable to establish the precise time of the entry, whether a few minutes before or a few minutes after sunset or sunrise. It would be a travesty to require him in such cases to allege the hour, and permit the defense to be made that the crime was committed at some other hour." (at p. 442, 294 P.2d at p. 274)

■ We find appellants' contention that the court erred in failing to demand that the prosecutor specify the subdivision of I.C. § 18–4501 under which appellants were charged to be without merit. Counts V, VI, and VII of the information sufficiently demonstrated that the state could not have been relying on subsections 2, 3 or 4 of I.C. § 18–4501.

Appellants assign as error the trial court's admission in evidence of a posed photograph, depicting the lower righthand side of the juke box in the inn and showing a cold chisel, which was found on the rear floor of the Oldham car, fitted into the mark above the coin box section. The cold chisel was held in the hand of a police officer when the photograph was taken.

The trial court in allowing the photograph into evidence stated: "Even if it is apparently posed, it has some relevancy. I'll overrule the objection." Testimony at the time of trial substantiates the conclusion that the photograph had relevance within the circumstances of the robbery.

■ Posed photographs have sometimes been held to be admissible in evidence, where they have been properly identified as being fair and accurate representations of the conditions as seen by the witness. Streit v. Kestel, 108 Ohio App. 241, 161 N. E.2d 409 (1959); Cincinnati, H & D Ry. Co. v. De Onzo, 87 Ohio St. 109, 100 N.E. 320 (1912); Richardson v. Missouri–K.–T. R. Co., 205 S.W.2d 819 (Tex.Civ.App. 1947); State v. Ebelsheiser, 242 Iowa 49, 43 N.W.2d 706, 19 A.L.R.2d 865 (1950). However, general authority has come to support the proposition that, unless rigid necessity therefor is shown, posed pictures should not be admitted which pictures simply portray a scene arranged to support a contention advanced by the profferer. People v. Crowe, 390 Ill. 294, 61 N.E.2d 348 (1945); Hutchinson v. Knowles, 108 Vt. 195, 184 A. 705 (1936); Massey v. Ivester, 168 Okl. 464, 33 P.2d 765 (1934). See 19 A.L.R.2d 879, 880, sec. 2; 29 Am. Jur.2d 874, 875, sec. 794.

■ We hold that, within the circumstances of the trial and considering the general authority, the admission of a posed photograph may have been improper but appellants failed to establish how it constituted prejudicial error sufficient in this instance to require reversal and a new trial. See Kirsch v. Ford, 170 Md. 90, 183 A. 240 (1936); Kiterakis v. State, 144 Md. 81, 124 A. 401 (1923); Rodick v. Maine Cent. R. Co., 109 Me. 530, 85 A. 41 (1912). See also State v. Petrogalli, 34 Idaho 232, 200 P. 119 (1921); State v. Ray, 32 Idaho 363, 182 P. 857 (1919); State v. Levy, 9 Idaho 483, 75 P. 227 (1904).

Appellants argue that the trial court erred in admitting into evidence a consent to search signed by appellant Oldham, and further, in admitting into evidence any evidence obtained by virtue of said consent. Appellants rely on Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), in asserting that appellant Oldham should have been advised of certain constitutionally guaranteed rights, such as to counsel and to remain silent, before his consent to search was valid. According to appellants, the trial court's failure to exclude any evidence obtained without a giving of such warnings is reversible error.

 Appellants suggest initially that Oldham's consent was not voluntary because he was under arrest at the time he gave the consent. This argument is not well taken. Searches are reasonable if they are consented to by the owner or the person in lawful possession of the premises on which the articles are found. See United States ex rel. McKenna v. Myers, 232 F.Supp. 65 (E.D.Pa.1964); McCray v. State, 236 Md. 9, 202 A.2d 320 (1964); State v. Hagan, 47 Idaho 315, 274 P. 628 (1929). The arresting officer testified, and the record indicates, that there was no coercion involved and that the consent was given voluntarily by Oldham. A recent Colorado case has held that the uncontradicted testimony of a police officer that defendant gave the officer his clothes voluntarily and without any coercion established that the clothing was not taken by an illegal search and seizure. See Claxton v. People, 434 P.2d 407 (Colo.1967). We think that the voluntariness of Oldham's consent was not affected by the fact that he was in custody at the time he granted the right to search. In another, but similar, context, the fact that a defendant who consents to the search of his automobile is under arrest at the time the consent is given does not establish, as a matter of law, that his consent was not voluntarily given. People v. Cockrell, 63 Cal.2d 659, 47 Cal.Rptr. 788, 408 P.2d 116 (1965);

State v. Yoss, 146 Mont. 508, 409 P.2d 452 (1965); State v. Plas, 80 Nev. 251, 391 P.2d 867 (1964); McNear v. Rhay, 65 Wash. 2d 530, 398 P.2d 732 (1965). See also State v. Nelson, 130 Mont. 466, 304 P.2d 1110 (1956). Oldham's consent was voluntarily given and the search, therefore, was valid and did not violate any of his constitutional rights. State v. Haggard, 89 Idaho 217, 404 P.2d 580 (1965).

A potentially more serious question is involved in appellants' inference that Oldham was entitled to be warned of his right to counsel, to remain silent, and to the other guarantees assured by Miranda v. State of Arizona, supra, before giving his consent to search. The significance of appellants' contention is that, were we to agree, the protections against self-incrimination made mandatory by the Fifth Amendment would be applied to the Fourth Amendment prohibition against unreasonable searches and seizures. Such Fourth Amendment prohibition is not a right which has yet been affected by Fifth Amendment self-incrimination standards.

The supreme court of Kansas has recently ruled that a voluntary consent may be introduced into evidence even though the defendant signed the consent at police headquarters, and that the Miranda rules did not apply. The court stated:

"Our attention is called to the recent case of Miranda v. State of Arizona [citations]. Apparently the defendants would have us apply a Miranda prerequisite for an admissible confession to a valid consent to search of private quarters. The defendants cite no authority in support of this contention and our limited research has discovered none.

"It is our opinion, however, that the defendant's argument is unsound and must be rejected. Miranda deals only with the compulsory self-incrimination barred by the Fifth Amendment, not with unreasonable search and seizure prescribed by the Fourth Amendment. There is an obvious distinction to be served by these two historic sections of the Bill of Rights.

The Fifth Amendment prohibits the odious practice of compelling a man to convict himself; the Fourth guards the sanctity of his home and possessions as those terms have been judicially interpreted. An indispensable element of compulsory self-incrimination is some degree of compulsion. The essential component of an unreasonable search and seizure is some sort of unreasonableness.

"No responsible court has yet said, to our knowledge, that before a valid voluntary consent to a search can be given, the person consenting must first be warned that whatever is discovered through the search may be used against him. We decline to be the first judicial body to espouse so dubious a theory." State v. McCarty, 199 Kan. 116, 427 P.2d 616, 619-620 (1967).

The supreme court of Nebraska, in State v. Forney, 181 Neb. 757, 150 N.W.2d 915, 917-918 (1967), has also recently ruled that the standards of *Miranda* are not to be applied and extended by analogy to cover the Fourth Amendment. See United States v. Rushing, 2 Criminal Law Reporter 2232-34 (U.S.C.M.A. Dec. 1, 1967); Gorman v. United States, 380 F.2d 158 (1st. Cir. 1967). See also Schmerber v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

█ The evidence obtained from the search and seizure is real and physical evidence, and not self-incriminating evidence as the law has come to define such evidence. We agree with the authorities cited above, and hold that the consent to search, and the evidence obtained thereby, were properly admitted by the trial court.

Appellants maintain that the prosecution failed to establish essential elements in the various crimes with which they were charged, and that the court therefore should have granted their motion to dismiss and to direct a verdict of acquittal. They state specifically that the prosecution failed to prove that appellants entered the Seven Mile Inn with a larcenous intent, or that

anything was taken from Mr. Upshaw, one of the victims.

█ We find these assertions to be without merit. The transcript clearly shows that certain items of value were taken from Upshaw. Specific intent may, and ordinarily must, be proved by circumstantial evidence. State v. Nathan, 138 Conn. 485, 86 A.2d 322 (1952); State v. Siegler, 12 N.J. 520, 97 A.2d 469 (1953); 21 Am.Jur.2d 164, sec. 82. As this court stated in State v. Johnson, 77 Idaho 1, 287 P.2d 425, 51 A.L.R.2d 1386 (1955):

"In a burglary prosecution it is sufficient to show unlawful intent when the entry was made, by circumstantial evidence. One's intent may be proved by his acts and conduct, and such is the usual and customary mode of proving intent." (at p. 8, 287 P.2d at p. 429)

Ex parte Seyfried, 74 Idaho 467, 470, 264 P.2d 685 (1953); State v. Kleier, 69 Idaho 278, 206 P.2d 513 (1949). See also State v. Woodruff, 208 Iowa 236, 225 N.W. 254 (1929); Steadman v. State, 81 Ga. 736, 8 S.E. 420 (1888). The evidence deduced at trial clearly demonstrates the existence of intent to commit either grand or petty larceny in the Seven Mile Inn.

At the conclusion of the trial appellants moved for mistrial, or in the alternative to strike certain testimony, on the grounds, (1) that the sheriff was wandering around in the vicinity of the jury room while they were in deliberation, and (2) that one witness, despite appellants' motion to exclude witnesses from the courtroom during trial, did in fact sit in the courtroom during a portion of the trial and later was called to testify. Appellants specify as error the trial court's failure to grant such motion.

█ The exclusion of witnesses from the courtroom during trial rests in the trial court's sound discretion. I.C. § 9-1201; I.C. § 19-2110; State v. Storms, 84 Idaho 372, 375, 372 P.2d 748, 749 (1962); State v. Coburn, 82 Idaho 437, 447, 354 P. 2d 751, 756 (1960); State v. Kleier, supra; State v. McLeod, 131 Mont. 478, 311 P.2d

400 (1957). Here, the trial court's permission of a witness for the prosecution to testify after earlier being present in the courtroom was not an abuse of discretion or reversible error, in the absence of a showing how appellants were prejudiced by the fact that the witness had been present in the courtroom previous to his testimony.

The sheriff testified that he had occasion to see the jurors but that he did not inspect the jury room or meet the jurors. In the absence of any communication by the sheriff with the jurors, there is no showing that the officer's conduct was prejudicial to appellants' case. Cf. Jackson v. Beto, 388 F.2d 409 (5th Cir. 1968); Bowles v. State of Texas, 366 F.2d 734 (5th Cir. 1966).

Appellants argue that the trial court erred in refusing to give their requested Instruction No. 2, which read:

"The information in this case is a mere formal charge for the purpose of putting the defendant on trial and constitutes no evidence of his guilt and no juror should permit himself to weigh it as any evidence against the defendant."

Instruction No. 1, as given by the trial court, states in pertinent part:

" * * * you must not suffer yourselves to be biased against the defendants because of the fact that they have been arrested for these offenses, or because an information has been filed against them, or because they have been brought before the court to stand trial. None of these facts is evidence of their guilt, and you are not permitted to infer or to speculate from any or all of them that they are more likely to be guilty than innocent.

"Therefore, in determining the guilt or innocence of the defendants you are to be governed solely by the evidence introduced in this trial and the law as stated to you by the court * * *."

Thus appellants' requested Instruction No. 2 was adequately covered and no error was committed by refusing No. 2. State v. McKeehan, 91 Idaho 808, 430 P.2d 886 (1967); State v. Hewitt, 73 Idaho 452, 254 P.2d 677 (1953); State v. Thomas, 47 Idaho 760, 278 P. 773 (1929).

Appellants assign as error the failure of the trial court to grant requested Instructions No. 6 and No. 8. Requested Instruction No. 6 defines burglary pursuant to I.C. § 18–1401, and also includes the statutory distinction between first and second degree burglary (I.C. § 18–1401), and the statutory definition of nighttime. (I.C. § 18–1404). By requested Instruction No. 8, appellants desired that the jury be informed that second degree burglary is an included offense in the charge of first degree burglary.

The trial court in Instruction No. 6 did instruct the jury as to the statutory definition of burglary. The evidence from the transcript indicates that the alleged crimes either took place between 9 p. m. and 11:30 p. m. on December 5, 1965, or did not take place. There is nothing to indicate that the burglary was, or might have been, committed during the daytime. Absent any evidence that an included offense, such as second degree burglary, could have been committed, refusal to instruct on the included offense is not error.

As stated in State v. Elsen, 68 Idaho 50, 187 P.2d 976 (1947):

" * * * it is not error to refuse to instruct the jury that a defendant may be found guilty of a lesser offense when there is no evidence that would reduce the crime charged to such lesser offense." (at p. 56, 187 P.2d at p. 979)

State v. Clokey, 83 Idaho 322, 364 P.2d 159 (1961); State v. Scott, 72 Idaho 202, 239 P.2d 258 (1951); State v. Monteith, 53 Idaho 30, 20 P.2d 1023 (1933); State v. Brooks, 49 Idaho 404, 288 P. 894 (1930); State v. Thomas, supra. Additionally, in the circumstances herein, the refusal of the trial court to grant the requested instructions was not erroneous because the verdict indicates that the result reached could not have been different had the

**134**

omitted instruction been given. State v. Owen, supra; State v. Alvord, 47 Idaho 162, 272 P. 1010 (1928).

Appellants contend that the trial court erred in refusing to give their requested Instruction No. 10, which defines the crime of robbery (I.C. § 18–6501) and includes a statutory definition of fear (I.C. § 18–6502).

In Instruction No. 8 given by the trial court, the statutory definition of robbery was presented to the jury. In Instruction No. 10 the trial court informed the jury that they must find "that the defendants took said property by force and violence or by intimidating and putting said victims in fear of personal harm." Although the trial court nowhere instructed the jury as to the statutory definition of "fear which constitutes robbery," pursuant to I.C. § 18–6502, the combination of Instructions No. 8 and No. 10 adequately informed the jury of the essentials of the crime.

Appellants argue that the court erred in refusing to give their requested Instruction No. 19. The requested instruction is as follows:

"It is claimed by the people that witnesses have appeared here who identify these two defendants as being the two men who came into the Seven Mile Inn on the 5th day of December, 1965. You remember the testimony of the witnesses who have appeared for the purpose of identifying these defendants. It is for you to say under the evidence in this case whether or not the testimony of these witnesses sufficiently identifies these defendants in the commission of the crime. You have heard their testimony, you have analyzed it carefully, taking into consideration all the facts and circumstances in the case and determine whether or not these defendants were the parties who went into the Inn on the day in question and committed the crimes charged by the State."

The trial court instructed the jury in Instruction No. 1 that the guilt or innocence of appellants was to be solely governed by the evidence introduced at the trial. Instruction No. 2 required that the State must prove every material allegation contained in the information beyond a reasonable doubt, and that probabilities are not sufficient. Instruction No. 4 advised the jury that the innocence or guilt of each defendant must be considered separately. Having given these warnings to the jury, we think that the trial court instructed the jury fully as to the items requested in appellants' Instruction No. 19, and it was not reversible error to deny such requested instruction.

Appellants contend that the trial court erred in giving Instruction No. 15, which states:

"All persons concerned in the commission of a crime who either directly and actively commit the act constituting the offense or who knowingly and with criminal intent aid and abet in its commission, or whether present or not, who advise and encourage its commission, are regarded by the law as principals in the crime thus committed and are equally guilty thereof."

They maintain that such instruction is in the nature of a comment on the evidence, because it allegedly informs the jury that if either defendant knowingly allowed the commission of a crime in his presence, he would thereby be automatically guilty. Such argument is without merit. The instruction specifically requires criminal intent or advice and encouragement on the part of each appellant. The trial court's Instruction No. 4 required the jury to decide separately in each case the question of innocence or guilt of each of the two defendants. The instructions make it obvious that neither appellant is guilty simply because he knowingly allowed the commission of the crime in his presence.

The appellants argue that the verdict is contrary to the law and the evidence. They contend, referring to the charge of burglary, that there was no direct proof of any intent to commit larceny,

as was charged in Count I of the information brought against them. However, as we have stated hereinbefore, the element of intent may be circumstantially proven from the facts deduced at the trial. Burglary is committed by entry into a building with the intent to commit larceny, I.C. § 18–1401, not by the actual commission of the crime of larceny. The question as to whether the entry was made with larcenous intent is one properly for the jury. State v. Polson, 81 Idaho 147, 164, 339 P.2d 510, 521 (1959); State v. Fedder, 76 Idaho 535, 540, 285 P.2d 802, 805 (1955); State v. Hewitt, supra; State v. Bull, 47 Idaho 336, 341, 276 P. 528, 530 (1929); State v. Dwyer, 33 Idaho 224, 226, 191 P. 203 (1920).

Within the same assignment of error, appellants contend that there is a fatal variance between the charge in the information as to the robbery offense and the actual proof relative to Counts II, III, and IV. They reason that, because the victims never testified as to who or which of the defendants took the property, someone other than defendants took the property: This is the conclusion, appellants assert, that the jury must reach from the trial court's instruction that before finding each of the defendants guilty of robbery, they must find that the defendant took the property from the victim.

 I.C. § 19–1430 provides in part that " * * * no other facts need be alleged in any indictment against [such] an accessory than are required in an indictment against his principal." Charging the appellants as principals is sufficient. State v. Ayres, 70 Idaho 18, 26, 211 P.2d 142 (1949); Hunter v. State, 47 Ariz. 244, 55 P.2d 310 (1936). The important consideration is not whether the jury finds that each defendant took property from a vic-

tim, but whether the facts of the case substantiate a finding by the jury that the property was taken by one of the appellants or another person acting in concert with appellants.

 Appellants further argue that the necessary element of secrecy was not present in the charge of kidnapping, as charged in the information. We have reviewed the record, and find such argument to be without merit. Similarly, we find to be without merit appellants' contention that the conflict in testimony as to identification of appellants by witnesses, and as to the time of the alleged acts, was such as to cast serious doubt upon the jury's verdict. As this court has stated many times, if there is substantial, competent evidence to sustain the verdict it will not be disturbed on appeal. State v. McKeehan, supra; State v. Peterson, 87 Idaho 147, 391 P.2d 846 (1964); State v. Polson, supra; State v. Johnson, supra; State v. Bedwell, 77 Idaho 57, 286 P.2d 641 (1955); State v. Cofer, 73 Idaho 181, 249 P.2d 197 (1952).

 The last error assigned by appellants is that the trial court erred in denying their request for a pre-sentence investigation. They provide no reason why such request should have been granted, other than that we have on other occasions held that defendants should be afforded a full opportunity to present evidence in their behalf in mitigation of circumstances. It will be noted appellants did not request a withholding of judgment or a suspension of sentence. The trial court did not, therefore, abuse its discretion in denying the pre-sentence investigation. State v. McCallum, 77 Idaho 489, 295 P.2d 259 (1956).

Judgment affirmed.

TAYLOR, McQUADE and McFADDEN, JJ., and HAGAN, D. J., concur.