Ida Ryan, Respondent, v. New York Rapid Transit Corporation, Appellant.— Appeal by defendant in a personal injury action from a judgment for plaintiff, entered on a verdict. Judgment unanimously affirmed, with costs. Plaintiff was injured by falling to the concrete floor as she emerged from a closet in a washroom maintained by defendant in one of its elevated railroad stations. The floor level of the closet was seven inches above that of the room, and both floors were of the same color. A step down was located four inches outside the swinging doors of the closet, and the bottom of the doors was fourteen inches above the floor of the closet. Plaintiff, as well as her daughter and a disinterested witness, testified that lighting conditions were poor. Plaintiff also testified that the doors were hard to open, that her attention was centered on them as she pushed them outward, and that she saw the step as she entered the closet and knew that it was there. It was for the jury to say, upon all the facts, whether defendant exercised reasonable care and prudence in placing and maintaining the step four inches outside the swinging doors, and the evidence warranted a finding that defendant failed in this respect. (*Kern* v. *Great Atlantic & Pacific Tea Co.*, 241 N. Y. 600; *Suglia* v. *Lomoleno*, 248 App. Div. 595.) Error, if any there were, in the admission of opinion testimony concerning the construction of the station

must be disregarded; that testimony did not affect the result, and its admission did not invade a substantial right of the defendant. (Civ. Prac. Act, § 106; *Post* v. *Brooklyn Heights R. R. Co.*, 195 N. Y. 62; *People* v. *DeMaio*, 243 id. 588.) Testimony to the effect that a warning sign was placed on the doors after the accident occurred was received without objection or exception by defendant and was properly considered by the jury as to whether it was competent or incompetent. (*Matter of Findlay*, 253 N. Y. 1, 11; *Flora* v. *Carbean*, 38 id. 111, 113.) The court properly refused to charge the jury at defendant's request that such testimony should be disregarded. Present — Hagarty, Carswell, Davis, Johnston and Taylor, JJ.