## STATE *vs.* DONALD C. NOBLE.

DECEMBER 11, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is a criminal complaint charging the defendant with failure to drive at an appropriate reduced speed when approaching and crossing an intersection, in violation of G. L. 1956, §31-14-3. On appeal from a conviction in the district court, the case was tried de novo before a superior court justice, without the intervention of a jury, and resulted in the defendant's conviction. It is before us on his bill of exceptions to the overruling of a demurrer, to an evidentiary ruling and to the decision.

The defendant demurred to the complaint which reads in part as follows: " * * * that at said Cranston, in said county, on the 11th day of November A. D. 1958 with force and arms Donald C. Noble alias John Doe, of said Warwick, laborer," and "Did operate a motor vehicle upon a highway of this State, to wit: Reservoir Avenue, and then and there did not drive at an appropriate reduced speed when approaching and crossing an intersection to wit: Bridgeton Road."

The offense with which defendant was charged is fully set forth in G. L. 1956, §31-14-3, and reads as follows:

"The driver of every vehicle shall, consistent with the requirements of §31-14-1, drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions."

The demurrer avers that the fifth and final clause, which relates to special hazards, was intended by the legislature to be conjunctive with each of the preceding clauses and

that the failure of the state to include such fifth clause renders the complaint fatally defective. The trial justice overruled defendant's demurrer, holding in substance that, despite the use of the conjunction "and" preceding the fifth and final clause, the legislature intended such clause to be in the disjunctive, constituting a separate violation of the provisions of G. L. 1956, §31-14-1.

A thorough reading and careful analysis of chap. 14 of title 31, which significantly is entitled "Speed Restrictions," in our opinion supports the trial justice's ruling. Section 31-14-1 provides as follows:

> "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event, speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

Section 31-14-2, incorporating by reference the provisions of §31-14-1, specifies certain rates of speed which shall be lawful where no special hazard exists, but further provides that speed in excess of such limits shall be prima facie evidence of an unlawful rate, requiring the defendant to go forward in rebutting that such excessive speed was reasonable and not in violation of §31-14-1. Further, where a special hazard exists the legislature has placed on a defendant the burden of establishing that driving at a rate otherwise lawful was not unreasonable in the circumstances of a particular case.

In §31-14-3, the provisions applicable to the case at bar, certain concrete instances of such special hazards have been specifically enumerated by the legislature. Acting within its exclusive prerogative to declare public policy, the legislature has provided that failure to drive at an appropriate reduced speed at a time or place, when one of such enu-

merated hazards exists, shall constitute a misdemeanor.  G. L. 1956, §31-12-2.

The words "appropriate reduced speed" clearly require the operator of a motor vehicle, if confronted with one of such hazards, to drive at a reduced speed even below that which in the absence of such hazard would otherwise be lawful.

The defendant contends that the offense with which he was charged involves not merely failing to drive at an appropriate reduced speed when approaching and crossing an intersection, but in addition that one of the special hazards enumerated in the fifth and final clause of §31-14-3 must be present.  Carried to its logical conclusion, defendant's contention posits a situation where there would be no obligation to drive at an appropriate reduced speed despite the existence of any of the hazards enumerated in such clause, unless such hazard existed in connection with one of the four concrete instances declared by the legislature to be a specific hazard.  Thus, argues defendant, the legislature did not intend to require that an automobile be driven at an appropriate reduced speed on an icy highway, for example, except at an intersection, a grade crossing, a winding road, rounding a curve, or the crest of a hill.  In our opinion this argument is wholly contrary to the clear intendment of the statute.  The defendant's first exception is overruled.

The transcript discloses that on the early evening of November 11, 1958, defendant was operating his motor vehicle on Reservoir avenue in the city of Cranston.  At the time defendant passed the point where Reservoir avenue is intersected by Bridgeton road, a Cranston police officer parked on Bridgeton road and facing the avenue observed defendant and immediately gave chase, apprehending him at the corner of Auburn and Rolfe streets in that city.

The officer, Thomas Harrington, testified that although it was early evening and dark, he was nevertheless able to

observe defendant's car pass through the intersection at a high rate of speed. Upon being asked the rate of speed at which he estimated defendant to be traveling, defendant objected. The trial justice overruled such objection and permitted the witness to testify as to his estimate and he replied, "I estimated his speed as approximately 65 miles per hour."

The defendant's exception goes to the admissibility of the officer's estimate of the speed at which defendant was traveling, approaching and crossing the intersection at Bridgeton road. He contends, in effect, that no foundation was laid to qualify officer Harrington as an expert so as to render his opinion admissible as evidence.

He concedes that in civil cases no proof of expertise is required, but argues that the rule is otherwise in criminal cases. We do not agree. In *Kiterakis* v. *State,* 144 Md. 81, an indictment for manslaughter, the court saw no reason to distinguish between criminal and civil cases on the issue of estimated speed. Nor do we in the circumstances of the case at bar. Here, as in the cited case, the exact speed with which defendant was operating his automobile was not the issue.

The defendant Kiterakis had been charged with the unlawful death of another resulting from his criminal negligence in the operation of a motor vehicle on a public highway of the state. A bystander testified that defendant's car was traveling "at the rate of about thirty-five or forty miles an hour wabbling down the street like the machine was broken," to which objection was made and which the trial court was held to have properly admitted on the ground that the ordinary reasonable person is capable of giving his opinion without any showing of expertise.

In the case at bar it is immaterial that defendant may have been traveling at substantially less than the rate of speed estimated by the officer. The state concedes that on Reservoir avenue, at the time of night when defendant was:

operating, the lawful rate of speed would have been 45 miles an hour except for the legislative prohibition of such otherwise lawful speed when approaching and crossing an intersection. Thus the question is not whether defendant was operating at 65 miles an hour, but rather whether he reduced his speed to that which was appropriately less than 45 miles an hour as he approached and crossed the point where Bridgeton road intersects Reservoir avenue.

The defendant argues, however, that in a criminal case the burden on the state is proof beyond a reasonable doubt and that for the short period of time officer Harrington observed defendant, with nothing more than an approximation of defendant's speed, the trial justice should have found that the charge was not proved beyond a reasonable doubt. This contention goes to the weight of the evidence and not to its admissibility. We think that it was not unreasonable for the trial justice to find that defendant had not reduced his speed to something less than 45 miles an hour on officer Harrington's estimate that the car was traveling something more than 20 miles an hour in excess of that which is lawful. The defendant's second exception is overruled.

The defendant's third exception is to the decision and need not be further considered because it in turn involves the issues contained in his first two exceptions which are overruled.

In connection with his third exception, however, defendant makes some contention that since Bridgeton road does not cross Reservoir avenue and intersects only at what is stated to be the easterly side thereof, it is not an intersection within the meaning of §31-14-3. There is no merit in this contention. The legislature was clearly mindful of traffic which, traveling westerly along Bridgeton road, would inevitably feed into the traffic on Reservoir avenue. The defendant's third exception is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for State.

*Aram K. Berberian,* for defendant.