STATE *vs.* DOUGLAS G. BROWN.

DECEMBER 18, 1963.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

ROBERTS, J.  This is a criminal complaint charging that the defendant operated a motor vehicle on Main avenue in the city of Warwick on January 18, 1959 "at a speed greater than is reasonable and prudent and safe under the conditions and having regard to the actual and potential hazards then and there existing." The defendant demurred to the complaint on the ground that the statute creating the offense violates art. I, sec. 10, of the constitution of Rhode Island in that it is so vague, indefinite, and uncertain as to fail to state the particular act or conduct condemned therein.  The demurrer was overruled, and the defendant took an exception thereto.  After a trial to a jury in the superior court the defendant was found guilty and is now prosecuting in this court exceptions to the overruling of the demurrer and other rulings made during the course of the trial.

General laws 1956, §31-14-1, provides in part that "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing." While the complaint makes no specific reference to the statute upon which the charge therein is predicated, it is not disputed that the intendment of the complaint was to charge defendant with operation at an unreasonable speed in violation of §31-14-1.

The defendant, in arguing that the statute violates the constitutional requirement for certainty, obviously assumes that the conduct intended therein to be made criminal must be ascertainable from the terms of said §31-14-1 without reference to §§31-14-2 and 31-14-3.  With this we cannot agree, being of the opinion that the legislative intendment with respect to making the operation of a motor vehicle in

specific circumstances unreasonable and therefore criminal must be ascertained from an examination of the pertinent statutory enactment in its entirety. A defendant may not import uncertainty into such statutory enactments by way of a fragmentation thereof whether such is of his own devising or results from codification.

It is our opinion that the legislature intended that the provisions of its enactment which are now included within §§31-14-1, 31-14-2, and 31-14-3 were to constitute a single statutory enactment that in its entirety gave expression to a legislative purpose to make criminal the operation of a motor vehicle in the circumstances and conditions specified therein. See *State* v. *Noble*, 95 R. I. 263, 186 A.2d 336. We attach significance to the fact that the provisions now under consideration first were enacted in the motor vehicle code act, so called, approved on April 25, 1950. P. L. 1950, chap. 2595, art. XXV, sec. 1. An examination thereof discloses that the statutory provisions now contained in §§31-14-1, 31-14-2, and 31-14-3 constituted sec. 1 of the code as then enacted, the present sectionalizing thereof reflecting the subparagraphing of the statute in its original form.

This being so, we find inescapable the conclusion that in enacting subpar. (a) of sec. 1 of art. XXV the legislature intended to proscribe the operation of motor vehicles at unreasonable or imprudent speeds and to state expressly therein the conditions and circumstances in which such operation would become unreasonable or imprudent. In subpar. (b) of said sec. 1 the legislature provided that where no special hazard exists the operation of a motor vehicle at a speed in excess of certain specific rates at the times and places therein designated would be prima facie evidence that such operation was unreasonable or imprudent. In subpar. (c) thereof the legislature provided specifically that the operation of a motor vehicle would be unreasonable when the speed thereof was not appropriately reduced in

situations stated therein relating to hazards inherent in the physical condition of a highway or potential hazards arising thereon in designated circumstances. We cannot subscribe to the proposition that the subsequent division of sec. 1 of art. XXV into G. L. 1956, §§31-14-1, 31-14-2, and 31-14-3, can be viewed as effecting an alteration in that legislative intent.

We turn then to the question whether §§31-14-1, 31-14-2, and 31-14-3, when examined in their entirety as constituting the legislative enactment designed to proscribe the operation of motor vehicles at unreasonable speeds, so define or describe the conduct intended therein to be made criminal as to meet the constitutional requirement for certainty in penal statutes. This court has given express recognition to the rule that penal statutes, to be valid, must contain a description or definition of the act or conduct which comprises the offense contemplated therein stated with legal certainty. *State* v. *Scofield,* 87 R. I. 78. In *State* v. *Milne,* 95 R. I. 315, 187 A.2d 136, this court considered the constitutional requirement for certainty in penal statutes and concluded that the requirement is for reasonable certainty and that when the statutory language used to particularize the conduct that it was intended to prohibit is as specific as the subject matter thereof reasonably permits, the constitutional requirement is satisfied.

The instant statute read in its entirety discloses clearly that it proscribes the operation of motor vehicles at imprudent or unreasonable rates. It establishes also appropriate evidentiary presumptions as to when speed becomes unreasonable or imprudent in the absence of special hazards and that failure to appropriately reduce speed of operation when designated situations of hazard exist constitutes improper operation. The statute in its entirety discloses the offense created therein with reasonable certainty and, in our opinion, does not violate sec. 10 of art. I of the constitution of this state.

In this case defendant brought the constitutionality of the statute into issue by way of demurrer to the complaint. This being so and in the interests of the prompt administration of justice, we will view the demurrer as raising a question as to the consistency of the complaint with the requirement of sec. 10 of art. I that an accused has the right "to be informed of the nature and cause of the accusation * * *." The instant complaint in express terms charges defendant with operating a motor vehicle "at a speed greater than is reasonable and prudent and safe under the conditions and having regard to the actual and potential hazards then and there existing." It is obvious that the complaint was thus phrased in order to bring it within the purview of G. L. 1956, §12-12-6 (b), wherein the legislature provided that a criminal complaint would be valid and sufficient if it charged an offense "By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged."

It is within the legislative power to prescribe the manner and form in which an offense may be charged in criminal process but the exercise of this power is limited by any pertinent constitutional provision and in particular the provision of sec. 10 of art. I. *State* v. *Scofield, supra; State* v. *Smith,* 56 R. I. 168, 177. With reference to the provision thereof that requires an accused to be informed of the nature and cause of the accusation, in *State* v. *Domanski,* 57 R. I. 500, this court said at page 504: "* * * it certainly signifies that the charge in an indictment shall be sufficient in law to fully and plainly identify the offense with which a defendant is sought to be charged." We will assume that the legislature in enacting §12-12-6 intended to simplify the method of charging offenses in criminal process but that

it intended also that such legislation contemplate giving a defendant adequate notice of the nature of the accusation.

Section 12-12-6 must be viewed then as requiring that the charging of an offense in criminal process pursuant thereto give the defendant efficient notice of the offense with which he is charged therein. In short, a complaint that does not give a defendant notice as contemplated in sec. 10 of art. I does not comply with the provision of the statute. It is our opinion that the complaint in the instant case is so lacking in certainty as to the nature of the offense with which defendant is being charged therein as to be violative of the constitutional requirement and therefore not susceptible of being justified by reference to the terms of §12-12-6 (b).

We are aware that when a constitutionally valid complaint charges a defendant with an offense in general terms, he may on motion be supplied with further information by way of a bill of particulars as a matter of right. General laws 1956, §12-12-9, provides that where a complaint is constitutionally valid "but fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense the court shall, upon motion, order the prosecution to furnish him with such particulars * * *." In other words, where the complaint is constitutional even though set out in the simplified form provided in §12-12-6, this statute provides for the defendant a bill of particulars as a matter of right when the complaint is so lacking in particularity as to make difficult the preparation of an efficient defense. See *State* v. *Davis*, 39 R. I. 276, 286. It being well settled in this state, however, that a bill of particulars will not cure a defective complaint, *State* v. *Smith*, 56 R. I. 168, 182, the statute is without pertinence to the issues raised in the instant case.

The offense of operating a motor vehicle at an unreasonable speed created in §31-14-1 may result from operation

at speeds in excess of the limits set out in §31-14-2 or from failure to reduce the speed of operation when the conditions of hazard exist that are designated in §31-14-3. The instant complaint in no manner discloses whether the unreasonable operation with which the defendant is therein charged was in excess of the speed limits provided in said §31-14-2 or resulted from a failure to reduce speed in the face of one of the hazards provided for in §31-14-3. Obviously a complaint that fails to disclose into which of these two categories the operation of the defendant is alleged to fall is so vague and indefinite as to be violative of the constitutional provision and not within the contemplation of §12-12-6 (b). In this circumstance it is our opinion that the instant complaint must be dismissed, and because we take that view it will not be necessary to consider other exceptions prosecuted by the defendant.

The exception of the defendant to the overruling of his demurrer is sustained, and the case is remitted to the superior court with directions to dismiss the complaint and discharge the defendant.