STATE *vs.* DANIEL L. CAMPBELL.

DECEMBER 18, 1963.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

CONDON, C. J. This is a criminal complaint for violation of G. L. 1956, §31-14-1. The defendant demurred to the complaint on the grounds that the offense as charged in the language of the statute was too vague and indefinite and that the statute itself for the same reason was violative of art. I, sec. 10, of the state constitution. The case is here on his bill of exceptions to the decision of the trial justice overruling the demurrer and to certain rulings during the trial. On our view of the case only the exception to the decision on the demurrer requires discussion.

Section 31-14-1 reads as follows:

> "Reasonable and prudent speeds.—No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event, speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

In *State* v. *Noble,* 95 R. I. 263, 186 A.2d 336, we stated that this section was incorporated by reference into §31-14-2, which expressly prescribes what speeds are reasonable and prudent in certain specified situations and at different times of the day or night. In view of our comment in *Noble* we have now taken the position in *State* v. *Brown,* 97 R. I. 115, 196 A.2d 133, filed this day, that these two sections and also §31-14-3 are to be read together in order to apprise a driver of the legislative standard for determining what is a reasonable and proper speed in the circumstances in which he finds himself. Unless this is done, we pointed out at some length in *State* v. *Brown,* a complaint charging the offense only in the language of §31-14-1 could

not meet the constitutional test of certainty set forth in *State* v. *Scofield*, 87 R. I. 78, and *State* v. *Milne*, 95 R. I. 315, 187 A.2d 136.

Here the accusation set out in the complaint is confined to the language of §31-14-1, namely, that he did drive a vehicle on a highway of this state "at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards, then existing * * *." It is obvious that such language standing by itself without the aid of the standards in §§31-14-2 and 31-14-3 does not meet the constitutional requirement of reasonable certainty. It is so lacking in definiteness that a person of ordinary intelligence could not know at what speed he could drive and be within the law. He may only guess at its meaning and hope that the court and jury are in accord with his guess, but that is not sufficient. To be valid the offense charged must, as the New York court of appeals said in *People* v. *Firth*, 3 N.Y.2d 472, 474, "be informative on its face."

In that case the court was confronted with a statute similar in its vagueness and indefiniteness to §31-14-1. It provided that "No person shall operate a motor vehicle or a motor cycle upon a public highway at such a speed as to endanger the life, limb or property of any person, nor at a rate of speed greater than will permit such person to bring the vehicle to a stop without injury to another or his property." The court held such language was "too vague and indefinite to constitute a sufficient definition of criminal conduct and that it contains no sufficient standard by which a driver's conduct may be tested."

The standard which the New York court found to be lacking in the statute before it was thus clearly identified by Justice Brewer in *Tozer* v. *United States*, 52 Fed. 917, 919: "But, in order to constitute a crime, the act must be one which the party is able to know in advance whether

it is criminal or not. The criminality of an act cannot depend upon whether a jury may think it reasonable or unreasonable." No penal law, he further stated, can be sustained unless its mandates are so clearly expressed that any ordinary person can determine in advance what he may and what he may not do under it.

In a more recent case, *Amsel* v. *Brooks,* 141 Conn. 288, 297, a like view was expressed as follows: "The terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties. * * * It must afford some comprehensible guide, rule or information as to what must be done and what must be avoided, to the end that the ordinary member of society may know how to comply with its requirements."

A Georgia statute which made it a crime to drive an automobile "at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highway," was held to be too uncertain and indefinite to be capable of enforcement. *Hayes* v. *State,* 11 Ga. App. 371, 376. The Georgia court based its decision substantially on the view expressed in the above-cited cases. "If the law is of such doubtful construction," it said, "and describes the act denominated as a crime in terms so general and indeterminate, as to make the question of criminality dependent upon the idiosyncrasies of individuals who may happen to constitute the court and jury, and of such a nature that honest and intelligent men are unable to ascertain what particular act is condemned by the State, the law is incapable of enforcement and will be held to be null and void."

In the case at bar the state does not expressly controvert the necessity for certainty and definiteness but argues that §31-14-1 because of the standards of reasonable speeds set out in §31-14-2 adequately meets such requirement. On page 8 of its brief it states this position as follows: "In

fixing a standard of care, the legislature enacted a second section, §31-14-2, which establishes certain speeds as reasonable under certain circumstances and in the absence of hazards. Thus a definite standard or guide is available to the motorist, the legislature having provided a standard of care so that motorists will know in advance what the state considers to be a reasonable speed."

The short answer to that contention is that the complaint itself does not allege violation of the reasonable speeds in §31-14-2. The offense charged is posited exclusively on the general and indefinite provisions of §31-14-1 standing alone. We are therefore of the opinion that predicated as it is solely on §31-14-1 the complaint is demurrable. The trial justice therefore erred in overruling the defendant's demurrer.

The defendant's exception is sustained, and the case is remitted to the superior court with directions to dismiss the complaint and discharge the defendant.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for State.

*Aram K. Berberian,* for defendant.