206 A.2d 537.

STATE *vs.* THOMAS J. KILDAY.

JANUARY 29, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

CONDON, C. J. This is a criminal complaint and warrant, charging the defendant with operating a motor vehicle on

the public highway at a speed greater than was reasonable and prudent under the conditions and having due regard to the hazards then existing in violation of G. L. 1956, §31-14-1. The case was tried to a justice of the superior court, sitting without a jury, who found the defendant guilty as charged. The case is here on the defendant's bill of exceptions containing an exception to the denial of the defendant's plea in abatement of the complaint for failure to properly name the state as the complainant, an exception to a ruling excluding certain testimony relative to the health of the defendant, and an exception to the decision on the merits.

At the argument before us defendant and the state briefed each of those exceptions and orally argued them. However, in response to questions from the bench during the course of the oral argument it developed that the complaint and warrant were precisely the same as in *State* v. *Brown*, 96 R. I. 236, 196 A.2d 133, and *State* v. *Campbell*, 96 R. I. 72, 196 A.2d 131, which we held so indefinite as not to meet the constitutional requirement of reasonable certainty. In each case we directed the superior court to dismiss the complaint and discharge the defendant. We note here that the instant case was tried before either *Brown* or *Campbell* was decided.

In view of the admission of the state that the instant complaint was based upon a constitutionally defective complaint which did not charge an offense known to the law, we are of the opinion that we should sua sponte notice such defect notwithstanding the defendant has failed to raise the question in his bill of exceptions. The question is akin to one of jurisdiction. In accordance with our holding in *Brown* and *Campbell* the superior court was in effect without jurisdiction to try the defendant on the charge in the complaint that had no basis in law, and if it had been called to the trial justice's attention at any time during the trial it would have been his duty to dismiss the complaint. Like-

wise in this court whenever it appears that the trial justice did not have the defendant before him on a complaint charging an offense known to the law, we conceive it our duty in the interests of justice to do likewise.

For the above reason we reverse the decision below without regard to the exceptions briefed and argued and remit the case to the superior court with direction to dismiss the complaint and discharge the defendant.

*J. Joseph Nugent*, Attorney General, *Francis A. Kelleher*, Assistant Attorney General, for State.

*Pontarelli & Berberian, Aram K. Berberian*, for defendant.