213 A.2d 699.
STATE *vs.* ROGER P. TESSIER.

OCTOBER 20, 1965.

PRESENT: Roberts, Paolino and Joslin, JJ.

JOSLIN, J. This is a criminal complaint charging that the defendant violated section 11 of chapter 40 of the revised ordinances of the city of Woonsocket in that on September 11, 1962 he "did behave in a disorderly manner, to

wit, loud and abusive language * * *. To the annoyance and disturbance of a portion of the peaceable inhabitants of said City * * *." After a trial to a justice of the superior court sitting without a jury, the defendant was found guilty of the offense as charged. The case is here on a bill of exceptions to that decision and to other rulings made during the trial.

Neither raised before us, nor indeed the subject of an exception, was the question of whether prosecution for the alleged violation is barred for the reason that the ordinance as it appears on the record before us does not fix a penalty.[1] That question finds its answer in the hornbook principles that every criminal statute must provide for a penalty and that a conviction for a violation of a statute containing none cannot stand. *State* v. *Pirlot,* 20 R. I. 273; *State* v. *Fair Lawn Service Center, Inc.,* 20 N. J. 468; 1 Wharton, Criminal Law & Procedure (12th ed.) §10, p. 14. Bishop in his treatise of criminal law (9th ed.) at §6, p. 3, says: "Indeed, law, without punishment for its violation, is in the nature of things impossible."

Nor can invocation of the doctrine of judicial notice assist the state for that doctrine is unavailable for the ascertainment of whether in fact a sanction can be found in another section of the municipal ordinances. *Tessier* v. *LaNois,* 97 R. I. 414, 198 A.2d 142; *Town of Lincoln* v. *Cournoyer,* 95 R. I. 280, 186 A.2d 728.

In the circumstances, the interests of justice made it initially the obligation of the superior court and now make it

---

*Footnote No. 1.* "Sec. 11—No person shall revel, use obscene language, quarrel or commit any manner of mischief or otherwise behave in a disorderly manner in any street, highway, gangway, or in any other public place in the city or near any dwelling house or other building therein to the disturbance or annoyance of the peaceful inhabitants thereof or any portion of them, or shall aid, assist, encourage or promote the same to be done by any other person or persons."

the duty of this court to dismiss the complaint. *State* v. *Kilday*, 99 R. I. 209, 206 A.2d 537.

For the reason stated we reverse the decision below without regard to the exceptions briefed and argued and remit the case to the superior court with direction to dismiss the complaint and discharge the defendant.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for State.

*Aram K. Berberian,* for defendant.