254 A.2d 423.

STATE *ex rel.* EDWARD B. APTT *vs.* MANUFACTURERS SUPPLY CO., INC.

JUNE 27, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is a criminal complaint which charges that the defendant "Did allow, permit and suffer a certain motor vehicle registered in its name to stand and park on South Water Street in said City of Providence in violation of the Traffic Regulations of the City of Providence and all amendments and additions thereto." The defendant, after being found guilty as charged in the police court of the city of Providence, appealed to the superior court, where the case was tried to a justice of that court sitting without a jury. The defendant was found guilty and is now prosecuting a bill of exceptions in this court.

The defendant contends, inter alia, that the trial justice committed reversible error in failing to dismiss the complaint as being so vague and indefinite as to fail to afford it adequate notice of the nature of the accusation. The defendant argues that where such circumstances are disclosed on the record, the trial justice must, acting sua sponte, dismiss the case for violation of its constitutional right to be informed with reasonable certainty of the nature of the accusation against it.

It appears that the trial justice was of the opinion that the complaint was " 'so lacking in definiteness that a person of ordinary intelligence could not know' the precise nature of the offense with which he or it was charged."

He went on, however, to note that no plea challenging the sufficiency of the complaint had been filed and that if such had been done, he might well have dismissed the complaint. He pointed out that defendant pleaded not guilty, waived trial by jury, and went to trial on the merits of the case and that evidence was adduced by the state to show that a vehicle registered to defendant was parked at a particular meter with the flag indicating an overtime violation on September 12, 1963. The defendant introduced no testimony whatsoever. It was apparently on the basis of this procedure on defendant's part that the trial justice did not sua sponte dismiss the complaint by reason of the insufficiency of the charge set out in the complaint to inform it of the precise nature of the offense with which it was charged.

The rule is well settled in this state that in criminal cases, absent some peculiar circumstance, we will not review the rulings of a trial justice where formal objection thereto or some proper plea has not been made by the defendant. *State* v. *Hartman,* 65 R. I. 174, 14 A.2d 18. However, where rigid adherence to the procedural requirement would deprive the defendant of its basic constitutional right, we will relax the strict procedural requirement and allow the defendant to raise the constitutional issue in an informal manner in this court. *State* v. *Quattrocchi,* 103 R. I. 115, 235 A.2d 99. In *State* v. *Frazier,* 103 R. I. 199, 235 A.2d 886, we stated that the rule is well settled in this court that in criminal cases "* * * unless a defendant takes a timely exception to the actions of a trial justice which he believes to be wrong, he is foreclosed from arguing their error for the first time on appeal." We further said, citing *State* v. *Quattrocchi, supra,* that "The only time we will deviate from a strict compliance with the above rule is in those cases where it is shown that the defendant has suffered an abridgement of his basic constitutional rights."

In the instant case the defendant has for the first time

raised a question as to the constitutional sufficiency of the complaint before this court. We have repeatedly held that sec. 10 of art. I of the constitution of this state requires that a complaint adequately apprise the defendant of the nature of an accusation against him. Where, as in the instant case, the complaint is so indefinite as not to meet the constitutional requirement of reasonable certainty specified in sec. 10 of art. I, this court will sua sponte take notice of such a defect and dismiss the complaint, notwithstanding the fact that no exception or plea was raised at the trial below. *State* v. *Kilday,* 99 R. I. 209, 206 A.2d 537. See also *State* v. *Brown,* 97 R. I. 115, 196 A.2d 133; *State* v. *Campbell,* 97 R. I. 111, 196 A.2d 131. We, like the trial justice, are of the opinion that the complaint in the instant case is so lacking in certainty as to the nature and character of the offense with which the defendant is charged as to be violative of the constitutional requirement that it be reasonably informed in the writ of the nature thereof.

The case is remitted to the superior court with direction to dismiss the complaint and discharge the defendant.

*Herbert F. DeSimone,* Attorney General, *Luc R. LaBrosse,* Special Assistant Attorney General, *Donald P. Ryan,* Assistant Attorney General, of counsel, for plaintiff.

*Aram K. Berberian,* for defendant.