The State of Ohio *v.* Knecht.

[Cite as State v. Knecht, 21 Ohio Misc. 91.]

(No. 10413—Decided November 26, 1969.)

Common Pleas Court of Tuscarawas County.

*Mr. George J. Demis,* prosecuting attorney, for plaintiff.

*Mr. John L. Woodard,* for defendant.

Lamneck, J.   John Knecht, the defendant in this case was indicted by the grand jury of Tuscarawas County, Ohio, at the September 1969 term of court on a charge reading as follows:

John Knecht on or about the 27th day of May, 1969, and thereafter at the county of Tuscarawas aforesaid, being the father of Brian Todd Knecht, aged 3 years, and Margaret Michelle Knecht, aged 1½ years, and said children being under the age of 18 years of age and being recipients of aid from the Tuscarawas County Department of Welfare pursuant to Chapter 5107 (or 5113, Revised Code), did unlawfully neglect and refuse to pay such department the reasonable cost of maintaining said children, contrary to and in violation of Section 3113.06, Revised Code, and against the peace and dignity of the state of Ohio.

The defendant was thereafter arraigned in open court on said charge and entered a plea of guilty. The court then continued the matter of sentencing pending a presentence investigation.

On November 7, 1969, and before sentence, the defendant filed a motion to arrest judgment as provided by paragraph A of Section 2947.02, Revised Code. Section 2947.02, Revised Code, reads as follows:

"A judgment may be arrested by the court upon motion of the defendant, or upon the court's own motion, for either of the following causes:

"(a) The offense charged is not within the jurisdiction of the court;

"(b) The facts stated in the indictment or information do not constitute an offense."

It is the contention of the defendant that there is no penalty provided in the Code for the alleged offense described in the indictment. Under such a claim, the motion to arrest judgment should have been brought under Paragraph B of Section 2947.02, Revised Code, rather than under Paragraph A. Since the court is authorized under Section 2947.02, Revised Code, to arrest judgment on its own motion, that circumstance becomes immaterial.

The defendant was indicted under amended Section 3113.06, Revised Code, which became effective on November 7, 1967. This amended section reads as follows: (Amended language in italics.)

"No father, or mother when she is charged with the maintenance of a legitimate or illegitimate child under eighteen years of age, who is legally a ward of a county child welfare board or of a county department of welfare *or is the recipient of aid pursuant to Chapter 5107 or 5113 of the Revised Code,* shall neglect or refuse to pay such board or department the reasonable cost of maintaining such child when such father or mother is able to do so by reason of property, labor or earnings. An offense under this section shall be held committed in the county in which the board or department is located. *The board or department shall file charges against any parent who violates the provisions of this section, unless charges are filed under Section 2151.42 of the Revised Code.*"

Under this amended section, charges of nonsupport may be brought against a parent charged with the maintenance of a child under eighteen years of age under three situations, *viz.*:

1. If the child is a ward of a county child welfare board.

2. If the child is a ward of a county department of welfare.

3. If the child is a recipient of aid pursuant to Chapter 5107, or 5113, Revised Code.

No charge can be brought against a parent unless the parent neglects or refuses to pay such a board or department the reasonable cost of maintaining such child if the parent is able to do so by reason of property, labor or earnings.

Under Section 3113.06, Revised Code, as it read prior to the amendment of November 7, 1967, a parent who is able to support a child under eighteen years of age who is receiving aid for dependent children under Chapter 5107, Revised Code, or poor relief under Chapter 5113, Revised Code, could not be prosecuted under former Section 3113.06, Revised Code, if he failed or refused to pay the authority administering aid for dependent children or poor relief the cost of maintaining such child.

The penalty for a conviction under former Section

3113.06, Revised Code, as it existed prior to November 7, 1967, is contained in Section 3113.99(B), Revised Code, which was re-enacted on October 1, 1953, and reads as follows:

"Whoever violates Section 3113.03 or 3113.06, Revised Code, shall be imprisoned in a jail or workhouse not less than six months nor more than one year, or imprisoned in the penitentiary not less than one nor more than three years."

When Section 3113.06, Revised Code, was amended on November 7, 1967, Section 3113.99(B), Revised Code, was not amended or re-enacted.

Under the indictment, the defendant is charged with neglect or refusal to pay the county department of welfare the cost of maintaining two of his children who are alleged to be receiving aid for dependent children or poor relief from the county welfare department. The children are not wards of a county welfare board or of a county department of welfare. Such a neglect or refusal was not an offense under Section 3113.06, Revised Code, prior to November 7, 1967.

Does the penalty provided for under Section 3113.99 (B), apply to a violation of the amendment to Section 3113.06, Revised Code, effective on November 7, 1967, when Section 3113.99 (B), Revised Code, has not been re-enacted or amended since October 1, 1953?

It is fundamental that a criminal statute is of no force and effect if no penalty whatever is provided for its violation, but a penalty may be provided by a separate statute. (See 21 American Jurisprudence 2d, Section 16, Page 96.)

Original Section 3113.06, Revised Code, was specifically repealed under amended House Bill 390 when present Section 3113.06, Revised Code, was enacted on November 7, 1967.

Section 16, Article II of the Constitution of this state provides in part that "no law shall be revived or amended unless the new act contains the entire act revived, or the section or sections amended, and the section or sections so amended shall be repealed."

In *State, ex rel. Godfrey,* v. *O'Brien,* 95 Ohio St. 166, the court commented as to this provision of the Constitution on page 177 of the Ohio Reports as follows:

"The repeal of a statute is the end of that statute. To all intents and purposes it is the same as if it had never existed."

However in *State, ex rel. Taylor,* v. *Cowen,* 96 Ohio St. 277, the Supreme Court of Ohio held in effect that if the legislature in term repeals a statute, but as a part of such alleged repealing statute it re-enacts the original statute in substance with certain modifications, such statute is in legal effect an amendment and not a repeal.

In *Weil* v. *Taxicabs, Inc.,* 138 Ohio St. 414, it was held in effect that when a statute is amended the part of the original act which remains unchanged is considered as having continued in force as the law from the time of its original enactment, and the new portions having become the law only at the time of the amendment.

These decisions seemed to indicate that if the legislature repeals a single section of the code by express terms of a legislative enactment, but as a part of such repealing enactment it re-enacts the original section in substance with certain additions, the original portions of said section are not to be regarded as having been repealed and re-enacted, but as having been continuous and undisturbed by the amending act.

Under Section 16, Article II of the Ohio Constitution, it is provided that "no law shall be revived or amended unless the new act contains the entire act revived or the section or sections amended."

Paragraph A of Section 1.23, Revised Code, reads as follows:

"When reference is made to any section or group of sections of the Revised Code, such reference shall extend to and include any amendment of or supplement to the section or group of sections so referred to or any section or sections hereafter enacted in lieu thereof; and unless otherwise provided, whenever a reference to a section or group of sections is made in any amendment or supple-

ment to any section of the Revised Code hereafter enacted, such reference shall be deemed to refer to the section or sections as the same shall then stand or as thereafter amended.''

The court is of the opinion that said provision does not contravene Section 16, Article II of the Ohio Constitution.

Paragraph A of Section 1.23, Revised Code, in so far as it relates to this case has the same effect as if the legislature as part of the Amended House Bill 390 had re-enacted Section 3113.99 (B), Revised Code.

It would therefore follow that the penalty provisions of Section 3113.99 (B), Revised Code, apply to the new offense added to Section 3113.06, Revised Code, by Amended House Bill 390 effective November 7, 1967.

It is therefore ordered that the motion to arrest judgment be overruled.