265 A.2d 651.

STATE *vs.* MANUEL REIS, JR.

MAY 29, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is a criminal complaint which charges the defendant with operating a motor vehicle at an unreasonable rate of speed. After a trial in the district court, the defendant was found guilty. He received a fine of $50 plus costs and was sentenced to 15 days in jail. Sentence was suspended, and the defendant was placed on probation for one year. He took an appeal to the Superior Court. Before the commencement of trial in that court, he moved to dismiss the complaint on the ground that the charge contained therein was vague and indefinite, and therefore in violation of art. I, sec. 10, of the Rhode Island constitution. The trial justice granted

the defendant's motion, and the state appealed his action to this court. The case is before us on the state's bill of exceptions pursuant to the provisions of G. L. 1956 (1969 Reenactment) §9-24-32.[1] The state's bill contains two exceptions—first to the court's denial of its motion to amend the complaint, and second to the granting of defendant's motion to dismiss. We shall discuss only the latter exception.

The complaint charged that defendant on January 12, 1969:

> "Did operate a motor vehicle on Douglas Ave. a highway in the City of Providence at a speed greater than was reasonable and prudent under the conditions and having regard to the hazards then existing to wit: at a speed in excess of 25 miles per hour in a Residential district in violation of Title 31, Chapter 14, Sections 1 & 2, of the General Laws of the State of Rhode Island."

In granting defendant's motion to dismiss, the trial judge remarked that the complaint was defective in that it failed to specify the speed defendant was traveling at the time of the alleged offense. The trial justice attributed his belief that a complaint charging a driver with operating a motor vehicle at an unreasonable rate of speed had to specify the vehicle's rate of speed to our holding in *State* v. *Campbell*, 97 R. I. 111, 196 A.2d 131. The trial justice has misconceived the holding in that case. As will be seen, the prosecution is not required to set forth in a

---

[1] In 1968, the General Assembly enacted this section so as to permit the state to appeal any finding, ruling, or decision made in any criminal proceeding conducted in the Superior Court or Family Court so long as it is made before the defendant has been placed in jeopardy. This statute represents a departure from the long-standing practice in this jurisdiction whereby the state had no right to appeal. We have, on occasion, reviewed at the prosecution's request a lower court's action by way of certiorari. See *In re Little*, 103 R. I. 301, 237 A.2d 325; *State* v. *Coleman*, 58 R. I. 6, 190 A. 791.

criminal case the rate of speed a motorist was traveling at the time he was observed violating the so-called speeding provisions of the Motor Vehicle Code. The trial court's dismissal of the instant complaint was erroneous.

*State* v. *Campbell, supra,* and *State* v. *Brown,* 97 R. I. 115, 196 A.2d 133, were both published on December 18, 1963. In each case, the defendant motorist was charged with violating the provisions of §31-14-1.[2] In essence, this section states that a motor vehicle shall not be operated "* * * at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing." We pointed out that a complaint which charges an offense solely in the language of §31-14-1 does not satisfy the constitutional test of certainty. Such a complaint, we said, was so lacking in definition that a person of ordinary intelligence could not know at what speed he could drive and still be within the law. Accordingly, we held that the complaints in *Campbell* and *Brown* were constitutionally defective.

In *State* v. *Brown, supra,* the present Chief Justice in reviewing the legislative history of the Motor Vehicle Code Act showed that when the code was originally adopted in 1950, §§31-14-1, 31-14-2, and 31-14-3 constituted sec. 1 of art. XXV of the code. The Chief Justice pointed out in *Brown* that when the General Laws were compiled in 1956, art. XXV, sec. 1, was fragmented into three separate but consecutive sections. With this background information, it became obvious that the legislature intended that §§31-14-1, 31-14-2, and 31-14-3 were to be considered as a single statutory enactment that, in its entirety, tells a motorist when his speed is within or in excess of the permissible limits established by the Motor Vehicle Code.

Section 31-14-1 forbids the operation of a motor vehicle at an unreasonable rate of speed. Section 31-14-2 speci-

---

[2]Sections 31-14-1, 31-14-2 and 31-14-3 are set forth in the appendix.

fies certain rates of speed which shall be lawful when no special hazard exists but also provides that any speed in excess of such limits shall be prima facie evidence of an unlawful rate requiring the motorist to come forward with evidence designed to show that his speed was reasonable. In §31-14-3, the legislature has declared that a motorist should appropriately reduce his speed when encountering one of the hazards enumerated therein. Having in mind the totality of these three sections, any motorist who drives in excess of the speed limit or who fails to reduce his speed in an appropriate situation may be found to have operated his motor vehicle at an unreasonable rate of speed. Such unreasonableness constitutes a misdemeanor. See §31-12-2.

The defect found in the *Campbell* and the *Brown* complaints was that each complaint described the defendant's conduct solely in the language of §31-14-1. Such language stood alone without any reference to the standards contained in §31-14-2 or §31-14-3. If each complaint had alleged that the defendant had driven at an excess of the different speed limits described in §31-14-2, the complaints would have withstood the constitutional atttack made on them.

The instant complaint, however, contains the language that was missing in the complaints filed in *Campbell* and *Brown*. It states that defendant was driving "* * * at a speed in excess of 25 miles per hour in a Residential district * * *." Section 31-14-2 establishes as a reasonable speed for automotive traffic in a residential district a speed up to 25 miles an hour. Any defendant being served with a complaint, as the one presently before us, is informed that he has exceeded the speed limit and what that limit is. It matters not whether he has exceeded the limit by one or twenty miles per hour. Once a motorist has exceeded the limits contained in §31-14-2, he comes within

the section's provision that any speed in excess of such limits shall be prima facie evidence of unreasonable speed. The amount by which the defendant has exceeded the speed limit may be required by a defendant in a bill of particulars. See §12-12-9. It does not have to be set forth in the complaint. The court may take into consideration the amount of the defendant's excess speed when it assesses the penalty to be imposed. In our opinion, the instant complaint "adequately apprises" the defendant of the nature of the accusation against him. *State ex rel. Aptt* v. *Manufacturers Supply Co.*, 105 R. I. 748, 254 A.2d 423.

The state's exception to the dismissal of the complaint is sustained; the Superior Court's dismissal of the complaint is reversed; and the case is remitted to the Superior Court for further proceedings.

### APPENDIX

"31-14-1. Reasonable and prudent speeds. — No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event, speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

"31-14-2. Prima facie limits. — Where no special hazard exists that requires lower speed for compliance with §31-14-1 the speed of any vehicle not in excess of the limits specified in this section or established as hereinafter authorized shall be lawful, but any speed in excess of the limits specified in this section or established as hereinafter authorized shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful:

"(1) Twenty-five (25) miles per hour in any business or residence district;

"(2) Fifty (50) miles an hour in other locations during the daytime;

"(3) Forty-five (45) miles per hour in such other locations during the nighttime;

"(4) Twenty (20) miles per hour in the area within three hundred (300) feet of any school house grounds' entrances and exits during the daytime during the days when schools shall be open.

"(5) The provisions of subdivision (4) of this section shall not apply except when appropriate warning signs are posted in proximity with the boundaries of the area within three hundred (300) feet of such school house grounds, entrances and exits.

"Daytime means from a half hour before sunrise to a half hour after sunset. Nighttime means at any other hour.

"The prima facie speed limits set forth in this section may be altered as authorized in §§31-14-4 to 31-14-8, inclusive.

"31-14-3. Conditions requiring reduced speed. — The driver of every vehicle shall, consistent with the requirements of §31-14-1, drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions."

*Herbert F. DeSimone,* Attorney General, *Donald P. Ryan,* Assistant Attorney General, for plaintiff.

*George C. Berk,* for defendant.