OPINION OF THE COURT
Harold Fertig, J.
Can the reading of an untested radar device supported by the opinion of an unqualified witness sustain a speeding conviction? The defendant is charged with violation of section 1.1c of Local Law No. 7 of the Town of Oyster Bay, speeding 70 miles an hour in a 30-mile an hour speed limit area. This nonjury case was tried without a prosecutor. The only witness who testified was the police officer who made the arrest. He testified that the defendant had passed more than one town speeding sign, each indicating that the speed limit on South Marginal Road in the Town of Oyster Bay was 30 miles per hour.
The police officer’s vehicle was parked along the shoulder of that road facing in an easterly direction and was equipped with an MR 9 radar unit. The antenna of the radar unit was facing the rear of his vehicle in the direction of oncoming traffic. He stated that he tested the unit by its internal calibration and by four tuning forks three and one-half hours prior to clocking the defendant’s speed. There was no testimony as to any tests made after the defendant’s speed was determined. Since there was no testimony of testing subsequent to the incident, and the prior testing was three and one-half hours before the arrest, this court determines that the People have not met the standard of "reasonable *469 proof of accuracy” set forth in People v Dusing (5 NY2d 126) and People v Stephens (52 Misc 2d 1070).
The witness further testified that he observed the defendant’s vehicle through his rear view mirror just prior to clocking him on the radar and at that time he estimated the defendant’s speed to be in the area of 75 miles per hour. At the time the defendant came within 50 feet of the officer’s vehicle the radar indicated a speed of 70 miles per hour.
He further testified that he proceeded down South Marginal Road for one quarter of a mile following the defendant at a high rate of speed, and at the time he was pursuing him his own vehicle was traveling in excess of 55 miles an hour.
The law is clear that the result of an untested radar device is admissible and sufficient for a speeding conviction provided the speed can be supported by the testimony of qualified observers (People v Dusing, supra; People v Smalley, 64 Misc 2d 363), and it has been held that properly qualified testimony of a witness is sufficient by itself to convict a defendant where the difference between the estimate and the speed limit was at a substantial variance (People v Olsen, 22 NY2d 230). Even where the arresting officer’s vision was obscured and the visibility was only instantaneous, such testimony was found sufficient to corroborate an untested device (People v Clark, 33 Misc 2d 390).
This court finds that the officer had sufficient opportunity to observe defendant through a rear view mirror and as the defendant’s vehicle passed his own vehicle he followed the defendant for one quarter of a mile at "¿ high rate of speed.”
It is now argued by the defendant in a memorandum of law that the officer’s testimony as to his estimate of speed is incompetent due to the fact that he did not qualify himself as an expert. The District Attorney has seen fit to offer no memorandum of law, though his office received a copy of defendant’s memorandum and a request was made to him by this court.
The opinion of the police officer as to the estimate of speed is normally not admissible unless the witness is properly qualified to testify as an expert (People v Dusing, supra; People v Olsen, supra). However, the defendant failed to object either to the testimony of the police officer as to the reading of the untested radar device or to the estimate of the speed, nor did the defendant make a motion during the course of trial *470 and before the close of trial to strike such testimony (Miller v Montgomery, 78 NY 282).
In Fisch, New York evidence (2d ed, § 18, pp 10-11) it is stated, "[0]nce admitted, whether properly or erroneously, the evidence is entitled to be considered by the trier of fact and accorded the weight it deserves.” (See People v Clark, supra, in which the court held that even though there was little or no foundation for the opinion testimony of the officers, since it was admitted without objection it must be considered; see, also, People v Dusing, supra, pp 128-131, concurring opn of Van Voorhis, J.; State v Albers, 211 NW2d 524 [ND]; Ryan v New York R. T. Corp., 253 App Div 846; People v Eurich, 278 App Div 717.) The court in the latter case found that no testimony was introduced that signs had been posted stating the speed limit, and because the village ordinance governing speed was admitted without objection, and no motion made to strike that testimony because the posting of signs had not been established, the proof of the speed limit was nevertheless admitted.
In this case the witness did not qualify himself as an expert. However, his testimony under the circumstances may be accepted as the opinion of an unqualified witness. Such testimony can be considered when the court is satisfied that the person testifying has the ability to judge such speed and the weight of such testimony is sufficient to satisfy the trier of the facts beyond a reasonable doubt (Callaghan v Guiffre, 44 AD2d 631; Matter of Sulli v Appeals Bd. of Administrative Adjudication Bur., 55 AD2d 457; Marcucci v Bird, 275 App Div 127; Senecal v Drollette, 304 NY 446).
The difference between 30 miles per hour (the speed limit) and 70 to 75 miles per hour (the estimate) is substantial. In this day and age most people travel in automobiles on a regular basis, and more particularly, a police officer who monitors traffic has a satisfactory basis for his opinion (People v Olsen, supra). It is true that a person qualified or unqualified as an expert cannot testify with precise accuracy as to the speed of a vehicle. This court believes, however, that the variance of 40 to 45 miles over the speed limit of 30 miles per hour was clearly sufficient for the court to give it the weight necessary to establish the People’s case. A motorist certainly should be able to determine the difference between a speed of 70 miles per hour and 30 miles per hour, without any other *471 qualifications as to his expertise, and to find otherwise would be unrealistic and unreasonable.
This court finds that the officer’s testimony, admitted without objection, and in view of the substantial difference between the speed limit of 30 miles an hour and the estimate of 70 miles an hour, is sufficient to corroborate the untested radar equipment and to sustain the conviction of defendant.
Accordingly, the court finds beyond a reasonable doubt that the defendant is guilty of driving his motor vehicle in excess of the speed limit of 30 miles per hour. Sentence is adjourned to February 16, 1978, in Criminal Part XIII of the court.