408 A.2d 610.

STATE *vs.* ROBERT KALIAN.

DECEMBER 4, 1979.

PRESENT: Bevilacqua, C.J., Kelleher, Doris and Weisberger, JJ.

KELLEHER, J.   The record before us indicates that the defendant, Robert Kalian (Kalian), owns two multiple-family dwellings, both of which are located in the city of Providence. One dwelling is situated on Goddard Street, while the other is to be found on Douglas Avenue.

In March 1977, Kalian appeared before a justice of the Superior Court on two separate occasions on appeals taken from findings made by a justice of the Providence Municipal Court. The Providence tribunal had ruled that Kalian, in his maintenance of both properties, had committed a total of thirty-four violations of the city's Minimum Housing Code. Twenty-seven violations related to the Douglas Avenue premises, while the remainder applied to the Goddard Street

property. After a de novo hearing, the Superior Court justice found Kalian guilty of committing the identical violations to which we have just alluded.

In his consolidated appeal, Kalian raises three issues. He argues that not guilty verdicts are in order on both appeals because the prosecution failed to present any evidence at either Superior Court hearing that (1) he owned the dwellings in question; (2) the properties were used, or were intended to be used, for human occupancy; and (3) the ordinance under which he was charged provided a penalty for its violation. The only facet of this three-pronged challenge worthy of discussion is Kalian's claim that an acquittal is in order because the state failed to prove the penal portion of the city ordinance.

Everyone concedes that this facet of Kalian's appeal revolves about three basic principles; (1) every criminal statute or ordinance must provide for a penalty; (2) a conviction for a violation of a statute or ordinance containing no such provision cannot stand; and (3) when considering violations of municipal ordinances, the doctrine of judicial notice may not be used to ascertain whether or not a sanction can be found in another section of the municipal ordinances. In the past these principles have served as a basis for our mandate that certain criminal complaints be dismissed. *State* v. *Berberian,* 112 R.I. 745, 315 A.2d 743 (1974); *State* v. *Tessier,* 100 R.I. 210, 213 A.2d 699 (1965).

At both trials a certified copy of the city's minimum-housing ordinance was introduced into evidence and made a full exhibit. Section 13-24 of the ordinance provides that any person violating any provision of the ordinance "shall upon conviction, be punished as provided in section 1-10 of this Code of Ordinances."[1]

---

[1]Parenthetically, section 1-10 of the "Code of Ordinances of the City of Providence" is the general penalty clause that comes into play when no specific penalty is provided within the specific ordinance. This section allows the imposition of a fine up to $200 or a maximum prison sentence of 30 days.

Kalian takes the position that since the state failed to introduce a certified copy of the general penalty clause, he cannot be convicted of committing any crime. We disagree. Unquestionably a criminal statute is of no force and effect if no penalty whatsoever is provided for its violation, but there is no necessity that the penalty be included within the same proviso. It may be provided by a separate enactment. *State v. York,* 131 Iowa 635, 109 N.W. 122 (1906); *State v. Knecht,* 21 Ohio Misc. 91, 253 N.E.2d 324 (1969). It is obvious from a reading of the minimum-housing ordinance that the Providence City Council has provided a penalty for those who choose to ignore the council's mandate. The cases relied upon by Kalian can be distinguished from the case now before us. In neither *Berberian* nor *Tessier* was there any indication that a penalty had been established for the conduct complained of.

The defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Dennis J. Roberts II,* Attorney General, *Faith A. LaSalle,* Special Assistant Attorney General, for plaintiff.

*Aram K. Berberian,* for defendant.