DECISION
This matter is before the Court on appeal from the District Court as a result of the defendant's conviction pursuant to § 31-27.0-02-A of the Rhode Island General Laws for driving while intoxicated, first offense. The defendant moves that this Court suppress all evidence acquired by the State as the result of a stop made by a Coventry police officer on March 24, 1997. The defendant asserts that said stop was unjustified and was violative of Ms. Lavoie's constitutional protections, to wit: the Fourth Amendment to the Constitution of the United States and/or Article 1 § 6 of the Rhode Island Constitution.
FACTS AND TRAVEL
At approximately 1:50 A.M. on March 24, 1997 Coventry police officer Brian Sullivan was on patrol when he observed a vehicle travelling at a "high rate of speed" in a westerly direction on Tiogue Avenue. He estimated the speed of the car to be 50 miles per hour. At that same time he activated his radar unit, which affirmed his 50 miles per hour estimate. The posted speed limit on that area of Tiogue Avenue is 35 miles per hour. Officer Sullivan, at that point, commenced pursuit of the automobile and observed it turn north on Harkney Hill Road and then east on Hill Farm Road. At that point Officer Sullivan engaged his emergency lights and the vehicle which he was following came to an abrupt stop. He approached and requested the operator's license, registration and proof of insurance. The driver provided the requested information and also identified herself as Kristen L. Lavoie.
It was Officer Sullivan's testimony that while speaking with Ms. Lavoie he smelled the odor of alcohol, noticed that her eyes were watery and bloodshot, her speech was slurred. After conducting a field sobriety test, Officer Sullivan arrested Ms. Lavoie for driving while intoxicated in addition to being charged with speeding on Tiogue Avenue.
Subsequently Ms. Lavoie was taken to the Coventry Police Station, where she submitted to a Breathalyzer test after being advised of her rights, pursuant to § 31-27.0-02-A of Rhode Island General Laws. The results of the Breathalyzer examination demonstrated that Ms. Lavoie's blood alcohol content far exceeded the limit which would allow her to drive.
She now, through counsel, moves to suppress all Breathalyzer and field sobriety evidence since the initial stop by Officer Sullivan was unjustified and violative of her rights under our Federal and State Constitutions, supra.
The defendant premises the thrust of her motion on two issues:
 1.) that she ". . . was stopped illegally based upon uncalibrated radar and without independent indicia or any other illegal activity." And
 2.) that she drove her vehicle ". . . with no indicia of driving under the influence."
In simple terms, as this Court understands it, the defendant's complaint is that Officer Sullivan's stop of her vehicle lacked probable cause, thus was illegal and all evidence that flowed from that event was illegally acquired and must be suppressed.
A review of the applicable law interfaced with the evidence presented clearly support the conclusion of this Court that the defendant's argument is without merit and suppression must be denied.
The significant evidence relied upon by the Court all emanates from the testimony of Officer Sullivan. At the time he stopped Ms. Lavoie, Sullivan had been a police officer for approximately four months. In addition to graduating the Police Academy, he was the recipient of a Bachelor of Science degree from Providence College, having majored in history. His training at the Academy included instruction on the operations and workings of radar equipment and estimating, by way of visual observation, the speed of motor vehicles. His testimony was that he was exposed to the practicality of these principles by working with a training officer "for a few weeks" on the road, who observed his performance. During the last two weeks of his on-the-road instruction, it was his testimony that he was permitted by perform these functions by himself.
On the date of the stop and arrest of Ms. Lavoie the evidence shows that Officer Sullivan was working alone and at about 1:50 A.M. he saw the defendant's car travelling at a "high rate of speed." Officer Sullivan testified that he estimated the Lavoie vehicle to be going 50 miles per hour at about the same time he activated his radar unit which corroborated his estimate. Officer Sullivan's testimony was that prior to utilizing the radar unit, he calibrated it by using a single 35 miles per hour tuning fork in the manner in which he was taught at the Academy and found the radar unit to be working properly. He also also stated that he conducted other calibration verification tests and was satisfied that the unit was accurate.
It is the defendant's contention that the operator's manual attendant to the radar unit in question requires the use of two tuning forks to test its calibration. Since that was not done, the defendant argues, the unit was "uncalibrated" and legally cannot be the basis of Officer Sullivan's stop of Ms. Lavoie. Any evidence therefore resulting from that stop must be suppressed.
This Court disagrees. Probable cause exists when known facts and circumstances are sufficient to warrant a man of reasonable prudence to believe that an offense has been or is being committed. Probable cause is to be viewed from the vantage point of a prudent, reasonable, cautious police officer on the scene at the time of the arrest guided by his experience and training.United States v. Davis, 458 F.2d 819 (D.C. Cir. 1972); In ReArmand, 454 A.2d 1216 (R.I. 1983). Although Officer Sullivan's tenure as a law enforcement officer was of short duration at the time of Ms. Lavoie's stop and subsequent arrest, the evidence is that he graduated the Police Academy, he possessed a Bachelor of Science degree from Providence College, has learned the operation and functions of radar equipment, and was taught and trained to estimate speed of moving vehicles. Additionally, there is no evidence on the record that he was incompetent, imprudent, unreasonable or acted without caution. In fact, all the evidence is to the contrary.
Under decisional law of this State, a witness need not be qualified as an expert before being allowed to testify as to speed of a moving vehicle. State v. Noble, 186 A.2d 336,95 R.I. 263 (1962). See also, E. Morgan, Basic Problems in Evidence, at 217-218 (1962); Kiterakis v. State, 144 Md. 81, 124 A. 401
(1923). Further, it has been held that the result of an untested radar device is admissible and sufficient for a speeding conviction provided the speed can be supported by testimony of a qualified observer. People v. Cunha, 402 NYS2d 925, 93 Misc.2d 467
(1978). Officer Sullivan, by training and experience, was a qualified observer, and in this Court's view, a credible witness who tested the radar's accuracy in the fashion in which taught by superior officers at the Police Academy. Officer Sullivan's visual estimate of speed stands unchallenged before the Court. The fact that the radar unit may have been improperly calibrated does nothing to impinge the accuracy of that estimate.
In consequence, this Court finds that the officer had probable cause to stop, and based upon his observations, arrest Ms. Lavoie for driving under the influence.
There has been no evidence presented, or suggested here that the field sobriety test or the imposition of the Breathalyzer examination were conducted in violation of any constitutional principle or statutory law, thus the defendant's motion to suppress is denied.